SuLDiVAN, J.
This was an action of debt on a joint and several bond against the defendant as administratrix of Samuel Howard, deceased, one of the obligors. The defendant pleaded non est factum. Verdict and judgment for the defendant.
The defense relied on was the insanity of the deceased obligor, Howard, at the time he signed the bond, occasioned by drunkenness.
It appeared upon the trial that the bond sued on was signed by John Garroll, Joseph Riner and Samuel Howard, the defendant’s intestate. The defendant offered to prove the following facts, viz.: “ that Garroll had great influence over Howard ; that he had directed his distiller to let Howard have as much whisky as he wanted; and that he, Garroll, could lead Howard. like a child.” To the introduction of this testimony, the plaintiff objected, but the Court admitted the téstimony, and the plaintiff excepted.
Mental incapacity at the time of contracting, produced by drunkenness or any other cause, is a good defense against a contract, whether that contract be evidenced by deed or parol. If the mind be incapable of assenting, the law pronounces the contract void. Drunkenness of itself merely, unless fraud be *256 practiced, will not avoid a contract; but if the party be in such a state of intoxication that he is for the time deprived of reason, the contract is void. In Harbison v. Lemon et al., 3, Blackf., 51, the defendants sought to avoid a mortgage because it was entered into by the mortgagor *while in a state of intoxication. The Court held, that the defendants, to succeed, must prove the drunkenness of the mortgagor to have been so great, as to produce an absolute privation of understanding for the time, similar to cases of idiocy or insanity.
W. M. Jenners and R. A. Chandler, for the plaintiff.
R. A. Laekwood, for the defendant.
In the case before the Court, we have to consider whether the testimony which was received by the Circuit Court, and objected to by the plaintiff, had a tendency to prove that Howard was in such a state of mind at the time he signed the bond, as to deprive him of the power of contracting?
We think it had not. Its tendency was rather to show that Howard was induced to sign the bond by the contrivance of Carroll, a joint obligor. It was not pretended that the*plaintiff had any influence whatever over Howard, nor that there was any collusion between the plaintiff and Carroll to circumvent him. Nor does it appear that Carroll even, in reference to this transaction, exercised the influence he was said to possess. To avoid the bond on the ground of contrivance and management, by which Howard was led on to sign it, it should be shown that the plaintiff had an agency in the fraud practiced.
We think the testimony objected to was irrelevant and should have been rejected.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.