## REINSKOPF ET AL. *v.* ROGGE ET AL.

CONTRACT.—*Intoxication.—Ratification.—*In a suit upon a mortgage, it is a good defence,.that the defendant was so intoxicated, at the time of signing the same, as to be incapable of executing it; and a reply that he retained the goods for which the instrument was given, and used them, is bad, as the action is not on a claim for goods sold but on the written promise, and the reply shows no ratification of that act.

SAME.—*Instruction.*—In such case, an instruction to the jury, that "if the defendant, at the time of the execution of the mortgage, as a result of drunkenness, or any other diseased condition of the mind, was deprived of his understanding, so that he had not sufficient capacity to act with discretion in the ordinary affairs of life, the plaintiff cannot recover," is a correct statement of the law.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—Suit by the appellants to foreclose a mortgage on certain real estate, executed by Rudolph Rogge, deceased, against his widow, children, and administrator. The answers of the defendants set up two grounds of defence, in separate paragraphs; first, the insanity of Rudolph Rogge at the time of executing the mortgage; and second, that he was then so intoxicated as to be incapable of executing the same.

Reply, first, general denial; and second, as to the second paragraph of the answer, that the notes sued on were given for a stock of merchant tailoring goods, sold by plaintiffs to said Rudolph Rogge in his lifetime; that they were delivered to him, and he used the same, and that neither he nor his representative returned, or offered to return, the same, or any part thereof, to the plaintiffs.

The defendants demurred to this second paragraph of reply, and their demurrer was sustained. The plaintiffs excepted.

There was a trial by jury, a general verdict for the defendants, and findings in answer to interrogatories as follows:

" 1. Was Rudolph Rogge, deceased, at the time he signed the notes and mortgage sued on, so destitute of understanding

as not to know what he was doing?" Answer. "We believe that at the time of the execution of the notes and mortgage, the said Rudolph Rogge's mind was so shattered by his habits of life as to render him incapable of acting with discretion in the ordinary affairs of life." .

"2. Does the evidence show the drunkenness of Rudolph Rogge, at the time of the execution of notes and mortgage sued on, to have been so great as to produce an absolute privation of understanding, for the time, similar to cases of idiocy or insanity?" Answer. "He may not have been absolutely deprived of his understanding, but we believe that his mind was in such a condition as to render him incapable of acting with discretion in the ordinary affairs of life."

The plaintiffs moved the court for judgment on the special findings, which was overruled. They then moved the court for a new trial, which motion was also overruled by the court, and the plaintiffs excepted and put the evidence and instructions of the court to the jury in the record. Final judgment was then rendered for the defendants, from which the plaintiffs appealed to this court, and here they have assigned the following errors:

In sustaining the demurrer to the second paragraph of the reply, and not holding the second paragraph of the answer bad; in overruling the plaintiffs' motion for judgment on the special findings; in overruling the plaintiffs' motion for a new trial. Several other errors are assigned, but they are only the repetition of reasons for a new trial, and need not, therefore, be particularly noticed. ,

We think the second paragraph of the answer was sufficient. Mental incapacity, at the time of contracting, produced by drunkenness or any other cause, is a good defence against a contract, whether that contract be evidenced by deed or parol. If the mind be incapable of assenting, the law pronounces the contract void. Drunkenness of itself merely, unless fraud be practised, will not avoid a contract; but if the party be in such a state of intoxication that he is,

for the time, deprived of reason, the contract is void. *Jenners* v. *Howard*, 6 Blackf. 240; 2 Kent Com. 451; *Henry* v. *Ritenour*, 31 Ind. 136. The exact ground assumed by counsel for the appellants on this point is, that this paragraph of the answer is bad, for the reason that it does not allege that the plaintiffs had notice of the condition of the mind of Rogge at the time of entering into the contract. They refer to authorities in support of this position, which we have examined, and which do not, we think, sustain the position assumed. It is not a question of notice, but one of mental power or capacity.

If the second paragraph of the reply was intended to show a ratification of the contract by Rogge, it falls short of showing that fact. It simply alleges that the notes were given for goods, which were delivered to Rogge, used by him, and never returned to the plaintiffs. If it was intended to shift the ground of action from the notes and mortgage to a claim for goods sold, it was bad on the ground of departure. To show a ratification of the contract by Rogge, it should have been shown that he became sober and in his right mind, and that, in that condition, he did some act amounting to a ratification. If he ever afterward became competent to ratify the contract, that fact is not averred in the reply.

The plaintiffs asked the court to submit to the jury two interrogatories, to be answered by the jury, designed to show that Rogge kept the goods and ratified the contract. These interrogatories were correctly refused, for the reason that there was no issue to which the finding designed to be elicited could apply. If there was, by any means, a ratification of the contract by the deceased, it was affirmative matter which should have been replied.

For the same reason it was proper for the court to refuse to allow evidence to go to the jury on the subject of a ratification of the contract, of which ruling complaint is made.

The fifth charge asked, which was on the subject of a rati-

fication of the contract, was rightly refused for the same reason. There was no such question properly before the jury.

This instruction was given: "If the deceased, at the time of the execution of the mortgage, as a result of drunkenness or any other diseased condition of the mind, was deprived of his understanding, so that he had not sufficient capacity to act with discretion in the ordinary affairs of life, the plaintiff cannot recover." This instruction seems to be warranted by the law as recognized by this court in the case of *Jenners* v. *Howard, supra.*

This instruction was asked by the plaintiffs, and refused: "The execution of the notes and mortgage sued on having been admitted, it is incumbent on the defendants to show that Rudolph Rogge, now deceased, was at the time, or before the execution of the same, of unsound mind. And if they have shown him to be of unsound mind before the execution of the same, and such unsoundness was caused by some temporary or transient cause, as monomania or drunkenness, still the plaintiffs will be entitled to recover, unless they have shown that said Rogge was of unsound mind at the time he executed the same."

We think the instructions given by the court sufficiently called the attention of the jury to the fact that the unsoundness of mind, or the intoxication of the deceased, in order to avoid the contract, must have existed at the time when the contract was made. For this reason, although the charge asked was correct, except, perhaps, in classing monomania as temporary insanity, it was not error to refuse it.

This instruction was asked by the plaintiffs, and refused: "If the defendants rely upon the drunkenness of Rogge to defeat the plaintiffs' right to recover, they are bound to prove the drunkenness to have been so great, at the time of the execution of the notes and mortgage sued on, as to produce an absolute privation of understanding, for the time, similar to cases of idiocy or lunacy, else the plaintiffs will be entitled to recover. The court struck out the words "similar to cases

of idiocy or lunacy" and gave it, to which plaintiffs at the time excepted.

The striking out of these words did not materially change the instruction.

The next point is, that the court should have rendered judgment for the plaintiff on the special findings. But, suppose that the special findings, with reference to the degree of mental incapacity, are not so conclusively in favor of the defendants as they might have been, still the general verdict being for the defendants, it is difficult to see how the judgment could be for the plaintiffs. There was no error in overruling the motion.

The case is not such as to allow us to interfere with the result upon the facts of the case. The question was upon the validity of the notes and mortgage. We express no opinion as to whether or not the estate of the deceased is liable for the goods sold.

The judgment is affirmed, with costs.

*D. V. Burns, C. Hamlin,* and *G. W. Stilwell,* for appellants.

*T. A. Hendricks, O. B. Hord,* and *A. W. Hendricks,* for appellees.

