WRAY, ADMINISTRATOR, v. CHANDLER, GUARDIAN, ET. AL.

JUDGMENT.—*Release of, on Abandonment of Appeal from.—Injunction,*—The abandonment, by a judgment defendant, of his right to appeal from a judgment to the Supreme Court, is a valid consideration for the execution. by the judgment plaintiff, of a release of such judgment. And, upon obtaining such release, he may maintain an action to enjoin the collection of an execution subsequently issued upon such judgment, and to have the judgment satisfied.

SAME.—*Fraud.—Insane Person.—Plea of Fraud, by Guardian or Committee,* —Fraud in procuring such release, practised by the judgment plaintiff. upon the judgment defendant, is a good defence to such action ; and where the former, since the execution of such release, has been duly declared of unsound mind, the fraud may be pleaded on his behalf by his guardian or committee.

SAME.—*Contract.*—The contract of an insane person not under guardianship is voidable merely.

From the Johnson Circuit Court.

*K. M. Hord, A. Blair* and *C. A. Sprague,* for appellant.
*B. F. Love, B. F. Davis* and *W. Z. Conner,* for appellees.

HOWK, C. J.—On the 22d day of May, 1869, this action was commenced by Thomas Wray, as plaintiff, against Whitfield Chandler, an insane person, and William A. Moore, then his guardian, and John Hoop, then the sheriff of Shelby county, Indiana, as defendants, in the Shelby Circuit Court.

In his complaint the plaintiff alleged, in substance, that, on the 23d day of January, 1868, by the consideration of the said Shelby Circuit Court, the said Whitfield Chandler recovered a judgment against said plaintiff and one Eldridge G. Mayhew, for the sum of one thousand four hundred and eighty dollars and twenty-three cents ; that, at the March term, 1869, of the court of common pleas of said Shelby county, the said Whitfield Chandler, on an inquest being had, was placed under guardianship, and the said William A. Moore was by said court appointed and qualified as such guardian ; that said judgment was obtained against said plaintiff wrongfully, and through and by the wrongful and

fraudulent acts of his codefendant, and against the express protestations of the said Whitfield Chandler that the plaintiff was not indebted to him in any sum of money whatever, which statement of the said Chandler the plaintiff averred was true; that, on the 1st day of March, 1868, and before the finding that said Chandler was of unsound mind, and unable, from want of mental capacity, to take care of and manage his estate, and while he was yet of sound mind and capable of managing his own estate, the plaintiff, feeling himself aggrieved by said judgment, was preparing to seek redress by an appeal to a higher court; that said Whitfield Chandler, then being of sound mind and capable of managing his own estate, and well knowing that said judgment was obtained against the plaintiff, jointly with his codefendant, Mayhew, by the wrongful and fraudulent acts of said Mayhew, and to prevent further litigation, expense and trouble over the matter, it was agreed between the plaintiff and said Chandler, on the 7th day of March, 1868, that the plaintiff should pay him, said Chandler, the sum of seven hundred and forty dollars, and he, said Chandler, would receive the same in full satisfaction and discharge of the plaintiff from liability on said judgment; that, in discharge of his said agreement, the plaintiff afterward, on said 7th day of · March, 1868, paid said Whitfield Chandler the said sum of seven hundred and forty dollars, in full satisfaction and discharge of his liability on said judgment, and that said Chandler so received and accepted the same, and executed and delivered to the plaintiff a release in writing from all liability on said judgment, a copy of which release was filed with and made part of said complaint; that, since the payment of said sum of seven hundred and forty dollars, and the making release, to wit, on the 1st day of January, 1869, some person, on behalf of said Whitfield Chandler, caused an execution to be issued on said judgment, and placed in the hands of the defendant Hoop, to be levied; that, since the

appointment of the defendant Moore as such guardian, he, the said Moore, having full notice and knowledge of all the above facts, and that said Chandler was still insisting that the plaintiff was not indebted to him in any amount, and intending wrongfully, wantonly and without any reasonable pretence, to injure the plaintiff, caused said execution, in the hands of said sheriff, to be levied upon the plaintiff's real estate, particularly described, in the city of Shelbyville, in said county, and to be advertised for sale on the 22d day of May, 1869, and would sell the same if not restrained by the court. Wherefore the plaintiff prayed f. : a perpetual injunction against the defendants, and that the said judgment, as to the plaintiff, might be declared satisfied, and for other proper relief.

The complaint was duly verified by the plaintiff, and, a proper undertaking having been executed and filed, a temporary restraining order was granted by the court, in accordance with the prayer of the complaint.

The defendant. William A. Moore, as guardian, answered in two paragraphs, in substance, as follows:

1. A general denial; and,

2. The said Moore admitted that the defendant Whitfield Chandler, at the March term, 1869, of the Shelby Common Pleas, was declared to be a person of unsound mind and incompetent to manage his own estate, and that he, said Moore, was then duly appointed, and had ever since been and still was, his guardian; that the said Chandler, on the 23d day of January, 1868, in the Shelby Circuit Court, obtained a judgment against the plaintiff and one E. G. Mayhew, in the sum of one thousand four hundred and eighty-three dollars and twenty-five cents; that said judgment was obtained upon notes executed by the plaintiff and said Mayhew, as partners, to the said Chandler, for money loaned by him to them; that, at the time of the trial upon which said judgment was rendered, the

said Chandler was quite aged, feeble in body and mind, and easily controlled by the plaintiff, who then and there had his confidence; that the said Mayhew was then and there insolvent, and had so remained ever since; that, for the fraudulent purpose of avoiding the payment to said Chandler of his said debt, at the time of the pendency of said action, in said circuit court, the plaintiff caused said Chandler to be brought to his house, a distance of ten miles, the said Chandler being then and there physically unable to leave his house, and wholly incompetent, by reason of mental imbecility, to manage his own affairs or to understand the nature of his said action and the facts of the same, and, being in such condition of body and mind, the plaintiff, for the purpose aforesaid, induced the said Chandler to state, upon the witness stand, when called by the plaintiff as a witness, that said money was loaned to said Mayhew, and not to him and the plaintiff; that the truth was, that said money was loaned to said plaintiff and Mayhew, and was by them used and employed in their partnership business; that, ever since said judgment was obtained, the said Chandler had remained and still was in such condition of body and mind; and that, while in such condition of body and mind, and while the plaintiff had the confidence of said Chandler and controlled his judgment, the plaintiff obtained the release set up in his complaint, without paying to said Chandler any part of said judgment whatever, and that said judgment remained wholly unpaid. Wherefore, etc.

Afterward, at the April term, 1870, of the Shelby Circuit Court, the said William A. Moore was appointed a committee for Whitfield Chandler, to answer for him; and thereupon the said Moore, as such committee, answered in two paragraphs, in substance, as follows:

1. A general denial; and,

2. That heretofore, on the —— day of ———, 186–, and at the time of the pretended execution of the written release

declared on and set forth in the plaintiff's complaint, as an exhibit thereto, the plaintiff called upon the said Chandler, who was then and there aged, feeble in body and mind, and under the influence and control of the plaintiff; that the plaintiff, then and there well knowing the condition of said Chandler, and having then and there such control over him, then and there presented to him, said Chandler, the certain instrument of writing referred to in this answer, and being the foundation of the plaintiff's complaint to procure the entry of satisfaction of the judgment therein named, and then and there read or pretended to read the same to said Chandler as and for the said Chandler's consent that the plaintiff might and should mortgage his real estate to the sinking-fund, for the purpose of procuring a loan from said fund, and for no other purpose whatever; and that the plaintiff then and there promised said Chandler, that, if he would execute said instrument, he would, upon demand, pay to said Chandler the judgment mentioned in plaintiff's complaint; and that, upon such reading of said instrument and the plaintiff's said promise, the said Chandler then and there executed said instrument without knowing the contents thereof, and not having sufficient mind and memory to know or understand the same. Wherefore, etc.

The plaintiff demurred to the second paragraph of each of said answers, upon the ground that it did not state facts sufficient to constitute a defence to his action, which demurrers were overruled by the court, and to these decisions he excepted.

The plaintiff then replied, by a general denial, to each second paragraph of said answers.

Afterward, at the April term, 1872, of the said Shelby Circuit Court, on the plaintiff's application, the venue of the action was changed therefrom to the court below.

Afterward, at the April term, 1873, of the latter court,

the death of the plaintiff having been suggested, the appellant, Isom Wray, as the administrator of said decedent, was substituted as plaintiff; and said William A. Moore, having resigned his said guardianship, the appellee Jesse Chandler, as the successor of said Moore in said trust, was substituted as a defendant in this action.

The cause was then tried by a jury, and a verdict was returned for the defendants, the appellees.

The appellant's motion for a new trial was overruled, and to this ruling he excepted, and judgment was rendered on the verdict.

In this court, the following decisions of the court below have been assigned by the appellant, as alleged errors:

1. In overruling the plaintiff's demurrer to the second paragraph of the answer of the defendant William A. Moore, as guardian;

2. In overruling the plaintiff's demurrer to the second paragraph of the answer of the defendant Moore, as committee; and,

3. In overruling the appellant's motion for a new trial.

1. It is insisted by the appellant's counsel, that the matters alleged in the second paragraph of the answer of Moore, as guardian, were not sufficient, on the demurrer thereto, to constitute a defence to this action. It is very true, we think, as claimed by counsel, that the allegations of this paragraph do not show that the release executed by said Whitfield Chandler, and counted upon in the appellant's complaint, was absolutely void by reason of the insanity of said Chandler; for it was not shown in said paragraph, that the said Chandler, at the time of his execution of said release, had been found to be a person of unsound mind, in the mode prescribed by the statute, and placed under guardianship as an insane person. 2 R. S. 1876, p. 598.

It is the settled law of this State, that the contract of a person of unsound mind, who is not under guardianship as an insane person, is not absolutely void, but is merely voidable. *Crouse* v. *Holman*, 19 Ind. 30; *Musselman* v. *Cravens*, 47 Ind. 1; and *Freed* v. *Brown*, 55 Ind. 310.

But, although the averments of the paragraph do not show that the release in question was absolutely void, yet it seems to us that they do show, with sufficient clearness and certainty, that the release was obtained by and through the alleged fraud of Thomas Wray, and without any consideration whatever therefor.

In our view of this paragraph it stated a good defence to the appellant's action, and the demurrer to it was properly overruled.

2.   What we have said in reference to the second paragraph of the answer of Moore, as guardian, is equally applicable, we think, to the second paragraph of the answer of Moore, as committee.

This latter paragraph failed to show, that the release described in the complaint was absolutely void; but it showed, with even more clearness and certainty than the former paragraph, that the release in question was obtained by the fraudulent practices, as alleged, of the appellant's decedent, and without any sufficient consideration therefor.

It is very clear, we think, that this second paragraph of the committee's answer stated a good defence to the action of the appellant's decedent, and that no error was committed by the circuit court in overruling the demurrer to said paragraph.

3.   In his motion for a new trial the appellant assigned the following causes therefor:

1.   The verdict of the jury was not sustained by sufficient evidence;

2.   The verdict of the jury was contrary to law;

3.  The court erred in refusing to give the instructions numbered 1, 2, 3, 4 and 5 respectively, asked for by the appellant ;

4.  The court erred in giving, of its own motion, instructions numbered 5, 6, 7, 8, 9, 10, 11 and 12 respectively.

The evidence on the trial of this cause is properly in the record ; but we do not think it necessary that we should cumber this opinion with this evidence. It has been carefully examined, weighed and considered, and we can not avoid the conclusion, if we would, that it utterly fails to sustain the verdict of the jury. The complaint in this case stated a good and sufficient cause of action. This was so manifest that it was not thought necessary or advisable, apparently, to test its sufficiency by a demurrer thereto. The allegations of the complaint were sustained by an abundance of uncontradicted evidence. But it seems to us, that there was an entire failure of any sufficient evidence to sustain the material averments of the affirmative paragraphs of the appellees' answers. The gist of the defence, as we have seen, was the alleged fraudulent conduct and evil practices of the appellant's decedent, whereby he obtained from Whitfield Chandler the written release described in the complaint, without any sufficient consideration. There is no evidence in the record of any fraudulent conduct or evil practice, on the part of the decedent, towards Whitfield Chandler. It would seem, indeed, from the evidence, that there was no necessity for the decedent to have recourse to fraud or undue influence to obtain the written release, for Chandler himself declared at all times that he had no just or valid demand against the decedent. The proof tended to show that, at the time the release was executed, Chandler's sight was dimmed and his memory impaired by old age, but it failed to show that he was then a person of unsound mind. Nor, in our opinion, is there any evidence in the record which tends to show that the

release in question was executed without a sufficient consideration. The prevention of litigation has always been regarded as a valid and sufficient consideration, and so also the compromise or the giving up of a suit, or the abandonment of a right of appeal in a litigated case, is a valid and sufficient consideration, for any contract or agreement founded thereon or connected therewith. This doctrine is so well recognized and approved, in legal textbooks and the reports of adjudicated cases, that it needs no citation of authorities to support it.

The conclusion we have reached, in regard to the utter insufficiency of the evidence to sustain either the appellees' defence or the verdict of the jury in this case, renders it wholly unnecessary for us to examine and consider now the questions presented by counsel, in relation to the alleged errors of the court, in refusing to give the jury certain instructions asked for by the appellant, or in giving of its own motion certain other instructions, excepted to and complained of by the appellant as erroneous. On another trial of this cause, other and perhaps very different instructions may be given on other and it may be different evidence, and therefore we do not deem it necessary for us to pass upon the instructions now in the record. This is not a case of conflicting evidence, but, as we regard it, it is a case where there is an entire want of any sufficient evidence to support and sustain the material allegations of the affirmative paragraphs of the appellees' answers.

In our opinion therefore, the court below erred in overruling the appellant's motion for a new trial of this action.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the appellant's motion for a new trial, and for further proceedings.

Petition for a rehearing overruled.