No. 8082.

McCLAIN, GUARDIAN, *v.* DAVIS ET AL.

CONTRACT.—*Disaffirmance.*—*Insanity.*—The contracts of an insane person whose incapacity has not been judicially declared, while not void, are voidable, and, in a proper case, may be disaffirmed upon removal of the disability, or by the lawful guardian.

SAME.—*Note Payable in Bank.*—*Bona Fide Purchaser.*—*Consideration.*— A promissory note, payable in bank, given upon an unexecuted consideration to one who knew of the maker's disability, though it has passed into the hands of an innocent purchaser, may be disaffirmed.

SAME.—*Notice.*—*Legal Disabilities.*—The purchaser of such paper takes it with constructive notice of all legal disabilities of the parties, such as infancy, coverture and unsoundness of mind.

JUDGMENT.—*Default.*—*Unsoundness of Mind.*—Unsoundness of mind, amounting to incapacity to do or understand business, is good cause, under sec. 99 of the code of 1852, for setting aside a default.

From the Boone Circuit Court.

*C. C. Galvin*, for appellant.

WOODS, J.— Complaint under oath to set aside a default and judgment. Demurrer to the complaint, for want of facts sufficient to constitute a cause of action, sustained, and judgment for the appellees.

The only question presented for decision is, whether the complaint showed a case wherein, under section 99 of the practice act, the defendant was entitled to relief against the

judgment which had been taken by his default. The complaint shows that the judgment, from which relief was sought, was taken upon a promissory note executed by the plaintiff's ward, Garrett McClain, which note was made payable at a bank named, in this State, to the order of the payee, who endorsed the same to the defendant Samuel Lewis, who recovered said judgment thereon, and afterward assigned the judgment to the defendant Isaac T. Davis, who is attempting to enforce the collection thereof. It is averred that said "default and judgment ought to be set aside for the following reasons, to wit: That said note upon which said judgment was rendered was and is a base fraud, and without any consideration whatever; that the pretended consideration of said note was, that the payee should and would cure plaintiff's ward of epilepsy, with which he had been afflicted for twenty-five years, and which disease, at and before the time of the pretended execution of said note, had destroyed the mind and reason of plaintiff's ward so much that he was then and there and now is of unsound mind, crazy, and unable to know or understand the legal obligation resting on him as to what he was doing, a fact then and there well known to the said payee of said note, who immediately, on receipt of said note, went away with it, and has not since returned, nor has he cured or attempted to cure plaintiff's ward in any way; that, at the time of the service of summons in said cause, and at the taking of said default and rendition of said judgment, said Garrett McClain was and now is of unsound mind, and unable and incapable of understanding the requirement and legal obligations resting upon him in the premises." The complaint shows further that since the rendition of said judgment, which was rendered on the 20th day of November, 1877, said Garrett McClain has been adjudged of unsound mind, and the plaintiff duly appointed his guardian.

McClain, Guardian, *v.* Davis *et al.*

The appellees have not favored us with a brief, and no intimation has come to us of the ground on which the ruling of the circuit court was based. The complaint seems to us to state facts sufficient to warrant the granting of the relief prayed. It shows that the maker of the note was of unsound mind, and incapable of understanding the obligation of the contract when he executed it, and that the consideration thereof has entirely failed.

The contracts of persons of unsound mind, but whose unsoundness has not been judicially declared, while not void, are voidable, and, in a proper case, may be disaffirmed upon the removal of the disability. *Freed* v. *Brown*, 55 Ind. 310.

The duly appointed guardian may, of course, exercise the right of disaffirmance. There was nothing received in consideration of the contract under consideration, of which it can be said that restitution should be made before a disaffirmance should be permitted; and it is no objection that the note had passed, before maturity, into the hands of an endorsee. Commercial paper is not an exception to the rule which permits a disaffirmance by any one who was of unsound mind at the time of becoming a party thereto. The purchaser of such paper takes with constructive notice of all legal disabilities of the parties, such as infancy, coverture, and unsoundness of mind. 1 Parsons on Notes and Bills, pp. 149 and 150; Edwards on Bills, pp. 63–69.

It must be equally clear that unsoundness of mind and incapacity for doing business were a sufficient excuse for the failure to appear and make defence in the original case.

The judgment is reversed, with costs.