No. 9445.

## COPENRATH ET AL. *v.* KIENBY.

MORTGAGE.—*Foreclosure.— Unsoundness of Mind.—Drunkenness.— Incapacity to Contract.— Guardianship.—Mortgage Void or Voidable.—Ratification or Disaffirmance.*—In an action to foreclose a mortgage, where the mental unsoundness of the mortgagor, and his incapacity to contract, resulting from habitual drunkenness, are relied upon as a defence to the action, if it is shown that, at the time of his execution of the mortgage, his insanity had been judicially ascertained, and that he was under guardianship as an insane person, the mortgage will be absolutely void; otherwise the mortgage will be voidable merely, and it may be shown to have been ratified or disaffirmed by the mortgagor, after the removal of his disability.

SAME.—*Answer of Insanity.—Reply of Ratification.—Sufficiency of Pleading.—Demurrer.*—Where, in such an action, the answer sets up the mental unsoundness of the mortgagor, at the time he executed the mortgage, and does not show that he was then under guardianship as an insane person, a reply to such answer, stating merely the legal conclusion that, after the removal of his disability, he ratified the mortgage, without setting forth the acts done by him amounting to such ratification, is bad on a demurrer thereto for the want of sufficient facts.

SAME.—*Answer of Mortgagor's Unsoundness of Mind.—Mortgagee's Reply.—Ignorance of Disability.—Apparent Capacity to Contract.—Bona fide Transaction.*—Where, in such case, the answer sets up the mortgagor's unsoundness of mind and incapacity to contract, at the time he executed the mortgage, in bar of the action, the mortgagee's reply to such answer, showing that the mortgage was given to secure the repayment of money borrowed by the mortgagor to enable him to pay his *bona fide* debt to a third person, that, when the mortgage was executed, the mortgagee had no knowledge whatever of any disability of the mortgagor to contract, but believed him to be sober, in his right mind, and capable of entering into a contract, that the transaction between them was *bona fide,* and that the mortgagor had not, nor had any one in his behalf, repaid or offered to repay the money so borrowed by him, states facts sufficient to constitute a good reply to such answer, on a demurrer thereto for the want of facts.

From the Newton Circuit Court.

*M. H. Walker* and *D. Smith,* for appellants.

HOWK, J.—This was a suit by the appellee against the appellants, for the collection of a promissory note executed by the appellant Copenrath and one Albert Hickman, since de-

ceased, to the appellee's order, and for the foreclosure of a certain mortgage on real estate in Benton county, Indiana, executed by said Hickman, then in life, and his wife to the appellee. The suit was commenced by appellee in the Benton Circuit Court, against the said Copenrath and the widow and heirs and personal representative of said Albert Hickman, deceased; but before the trial of the cause the venue thereof was duly changed to the court below.

The action having been put at issue and tried by a jury, a verdict was returned for the appellee, " that the mortgage ought to be foreclosed against the defendants for the sum of 870.12 dollars, and 108.49 dollars as attorney's fees." Over appellants' motion for a new trial, and their exception saved, the court rendered judgment for the appellee in accordance with the verdict.

The following decisions of the circuit court have been assigned as errors by the appellants:

1. In overruling the demurrer of the appellant Elizabeth Hickman, administratrix, to the second paragraph of appellee's reply.

2. In overruling the demurrer of said Elizabeth Hickman, administratrix, to the third paragraph of appellee's reply.

3. In overruling the motion for a new trial; and,

4. In rendering judgment of foreclosure against the appellants.

As preliminary to the consideration of the questions presented for decision by these alleged errors, we deem it necessary that we should give a summarized statement, at least, of the answers of the appellant Elizabeth Hickman, administratrix of the estate of Albert Hickman, deceased, to appellee's complaint. This answer contained eight paragraphs, of which the first was a general denial of the complaint.

In the second paragraph, the said Elizabeth Hickman admitted that she was the administratrix of the estate of Albert Hickman, deceased, and the widow of said decedent; that the said Albert executed the note and mortgage in suit, and that she

joined in the execution of the mortgage; but she averred that the said Albert, her husband, was merely a surety on the note, her co-defendant, Copenrath, having received the only consideration for which the note and mortgage were executed; that at the time the said Albert executed the note and mortgage, by a long continued course of drunkenness and dissipation, his mind was so much impaired and deranged that he was wholly incapable of understanding or comprehending the nature, purport or effect of said note or mortgage, and that he was utterly incapable of transacting any business whatever.

The third paragraph of answer differed from the second, chiefly in this: that it was alleged therein that, at the time of his execution of the note and mortgage, the said Albert was so drunk, intoxicated and under the influence of alcoholic stimulants, that he was wholly incapable of understanding or comprehending the purport or effect of such note or mortgage; and that he was wholly incapable of understanding or comprehending the ordinary affairs of life, all of which the appellee well knew.

In the fourth paragraph of answer, it was alleged that, at the time the said Albert executed the note and mortgage, he was of unsound mind, and wholly incapable of understanding or comprehending the nature, purport or effect of said note or mortgage, or of transacting the ordinary business of life.

In the fifth paragraph of answer, it was alleged that the note and mortgage in suit were fully paid and satisfied, long prior to the commencement of this action.

It was alleged in the sixth paragraph of answer, that the note and mortgage were executed without any consideration whatever.

In the seventh partial answer to the complaint, it was alleged that there was no consideration whatever for the attorneys' fees mentioned therein.

In the eighth paragraph of said answer, it was alleged that, at the time the said Albert Hickman executed the note and mortgage in suit, he was in feeble health, and weak and de-

bilitated both in body and mind, occasioned by sickness and habits of intemperance, and was in a state of beastly intoxication when he executed the note and mortgage; that the appellee was fully aware of the mental and physical condition of said Albert when he executed the note and mortgage; that, for the fraudulent purpose of inducing the said Albert to sign said note, as security for said Copenrath, and to execute the said mortgage to secure said note, the appellee conspired and confederated with said Copenrath, and falsely and fraudulently represented that said Copenrath was perfectly solvent and responsible, and would pay the said note when the same matured, and that, if the said Albert would sign said note, as such security, the appellee would never require the said Albert to pay any part thereof, and that the said Copenrath was an honest and honorable man, and that appellee would look to said Copenrath alone for payment of said note; that all of said statements and declarations were false and fraudulent, which the appellee well knew; that said representations were made for the sole purpose of inducing the said Albert to sign said note and execute said mortgage; that said Copenrath was insolvent, dishonest, dishonorable and corrupt, at the time the said Albert executed said note and mortgage, and still remained so, which the appellee well knew; that the said Albert, being in feeble health and mentally deranged and intoxicated, confided in appellee and relied implicitly on all his said representations and statements, which were all false; and that the said Albert would not have executed said note and mortgage, but for said representations and statements of the appellee.

Wherefore the said administratrix of the said Albert, deceased, said that the appellee ought not to recover in this action, and she asked judgment for costs.

The second paragraph of appellee's reply was addressed to so much of the separate answer of the administratrix of said Albert Hickman, deceased, as related to the incapacity of said Albert to contract, at the time of the execution of the note and mortgage in suit, on account of his intoxication and un-

soundness of mind; and in response the appellee alleged in substance, in said paragraph of reply, that, after the execution of said note and mortgage, and when the said Albert Hickman was perfectly sober and in the possession of his full mental faculties, and knew full well what he was doing, he ratified and confirmed the execution of said note and mortgage.

The demurrer of the administratrix to this paragraph, upon the ground that it did not state facts sufficient to constitute a reply, was overruled by the court; and this ruling was excepted to and is assigned here as error.   The point is made by the appellants' counsel, in argument, that this paragraph of reply was insufficient on the demurrer thereto, in this: that it did not state the facts which might, or might not, have constituted under the law a ratification or confirmation by said Albert Hickman of his note and mortgage, after he became sober and of sound mind.   The paragraph merely stated the pleader's conclusion from facts which were not, but ought to have been, alleged by the appellee, in order to constitute a good reply to the appellant's answer.   Under the allegations of the answer, in relation to the incapacity of Albert Hickman to contract, as he was not shown to have been under guardianship, his note and mortgage were not void, but were merely voidable, and were subject to disaffirmance or ratification by him, after the removal of his incapacity to contract.   *Freed* v. *Brown,* 55 Ind. 310; *McClain* v. *Davis,* 77 Ind. 419; *Wray* v. *Chandler,* 64 Ind. 146; *Hardenbrook* v. *Sherwood,* 72 Ind. 403.

In *Reinskopf* v. *Rogge,* 37 Ind. 207, which was a suit to foreclose a mortgage, an answer had been filed setting up the mental incapacity of the mortgagor, produced by drunkenness, and, in speaking of a reply to this answer, this court said: " To show a ratification of the contract by Rogge, it should have been shown that he became sober and in his right mind, and that, in that condition, he did some act amounting to a ratification."

In the case at bar, the second paragraph of reply was insufficient, as it seems to us, because it did not state what acts,

if any, were done by Albert Hickman amounting to a ratification, but merely alleged the pleader's conclusion that he had ratified the note and mortgage. For the reasons given, the court erred, we think, in overruling the demurrer to the second paragraph of reply.

The third paragraph of appellee's reply was addressed to so much of the answer as related to the incapacity of Albert Hickman to contract, at the time of the execution of the note and mortgage in suit, on account of intoxication and unsoundness of mind; and, in said paragraph, the appellee alleged in substance, that the note in suit was given for $600, money borrowed of appellee by said Albert Hickman; that said Copenrath, though first signing the note, was only the surety of said Albert; that the money was obtained for the use and benefit of said Albert, and used and applied for his benefit in payment of a note given by him to said Copenrath for $919.66, in March, 1876, for a balance found due from said Albert to said Copenrath, on a settlement of accounts between them at the time; that at the time of the execution of the note and mortgage in suit, the appellee had no knowledge whatever of any disability to contract, on the part of said Albert, on account of intoxication, any mental derangement or any other cause, but believed him to be perfectly sober and in his right mind, and perfectly capable of entering into a contract; that the transaction between them was *bona fide;* and that the said Albert Hickman never repaid the appellee any part of said sum of $600 so loaned to him, and that no one had ever done so for him, nor in his behalf, and had never offered so to do. Wherefore the appellee said that the said note and mortgage should be held valid and in force, as prayed for in his complaint.

The demurrer of the administratrix of said Albert Hickman, deceased, to this paragraph, for the alleged insufficiency of the facts therein stated to constitute a reply, was overruled by the court. She excepted to this ruling and has assigned the same as error, on the record of this cause.

It will be observed, that the appellee does not controvert, in this paragraph of reply, the unsoundness of Albert Hickman's mind and his consequent incapacity to contract at the time of the execution of the note and mortgage in suit. But, conceding the mental unsoundness of said Albert and his incapacity to contract, the appellee asks in this paragraph, that the note and mortgage shall be held valid and in force, for the reasons stated in said paragraph. We think the facts stated in this paragraph were sufficient to constitute a good reply to the defence pleaded, and, if sustained by sufficient evidence, to entitle the appellee to the enforcement of his note and mortgage, by the judgment of the court. The questions under consideration were very carefully considered by this court, in the recent cases of *Schuff* v. *Ransom*, 79 Ind. 458, and *Fay* v. *Burditt*, 81 Ind. 433. In this latter case, this court fully approved of the following statement of the law: "The contracts of persons of unsound mind, who are not under guardianship, are, at most, only voidable. Courts will enforce or disregard such contracts, according to the circumstances of the case. If there is nothing in the appearance, conversation or actions of the person of unsound mind, indicating his mental incapacity, and if a person, ignorant of his unsoundness of mind, makes a contract with him, taking no undue advantage, and if such contract becomes so far executed that the parties can not be placed in the same condition respecting the subject-matter of the contract that they were in immediately before the making of such contract, the law permits the contract to stand, and will not disturb it on account of the mental incapacity of one of the parties."

The doctrine of these cases, and of the authorities therein cited, is decisive of the questions presented by the second alleged error against the appellants. The court committed no error in overruling the demurrer to the third paragraph of reply.

The other errors assigned by the appellants have not been

discussed by their counsel, in their brief of this cause, and are, therefore, regarded as waived.

The judgment is reversed, at appellee's costs, and the cause remanded with instructions to sustain the demurrer to the second paragraph of reply, and for further proceedings not inconsistent with this opinion.