No. 12,767.

## Dickerson, Administrator, *v.* Davis et al.

JUDGMENT.—*By Default Against Insane Person.*—*Suit to Set Aside.*—*Mistake.* —*Guardian and Ward.*—*Promissory Note.*—*Innocent Holder.*—*Fraud.*— *Consideration.*—Where a judgment by default is taken against a person of unsound mind, after due service of process, by a good-faith holder of a commercial note, which had been obtained by the original payee from the defendant by fraud and without consideration, it may be set aside under section 396, R. S. 1881, at the suit of the guardian or administrator, and the latter let in to defend, by showing that the defendant was of unsound mind when he executed the note, and that it was without consideration, although the plaintiff practiced no fraud in obtaining the judgment and had no knowledge of the defendant's insanity, which had not been judicially declared.

SAME.—*Collateral Proceeding in Aid of Execution.*—*Will not Defeat Right to Relief from Judgment.*—The right to obtain relief from a judgment under section 396 can not be defeated by the plaintiff instituting proceedings in aid of an execution, to enforce the judgment from which the defendant, by appropriate proceedings then pending, is seeking to be relieved.

SAME.—*Sale.*—*Redemption by Guardian.*—The fact that the guardian of an insane person, against whom a judgment has been wrongfully obtained, to save his ward's property, redeems from a sale thereof under proceedings to enforce the judgment instituted during the pendency of a complaint to set it aside, is not a bar to relief under section 396.

SAME.—*Wrongful Judgment.*—*Enforcement.*—*Effect of Setting Aside.*—One who proceeds with the enforcement of a judgment wrongfully obtained, with knowledge that proceedings have been instituted by or on behalf of the defendant to be relieved therefrom, assumes the risk that, if the judgment be set aside, he will be compelled to restore to his adversary whatever has been so coerced from him.

From the Boone Circuit Court.

*J. A. Abbott* and *I. M. Kelsey*, for appellant.
*C. M. Zion*, for appellees.

MITCHELL, J.—Lewis recovered a judgment by default in the Boone Circuit Court against Garrett McClain for $82.67. The judgment was afterwards assigned to Isaac T. Davis. Subsequently, McClain was declared to be a person of unsound mind, and his guardian, in that behalf appointed, commenced this proceeding to set aside the default. He charged, in the complaint filed for that purpose, that his ward was a person of unsound mind, and that the note on which the judgment had been rendered had been obtained from Garrett McClain by fraud while he was of unsound mind, without any consideration.

This complaint was held insufficient on demurrer. The guardian appealed to this court, and the ruling and judgment of the court below were reversed. *McClain* v. *Davis*, 77 Ind. 419.

When the case was returned to the court below, Garrett McClain having died meanwhile, Dickerson, as administrator of his estate, filed an amended and supplemental complaint. This complaint put forward substantially the same facts in respect to the note and the unsoundness of mind of the maker as were set forth in the original. In addition to these facts, it was also alleged that, pending the appeal, certain real estate owned by the intestate had been sold to satisfy the judgment in question, and that the guardian of the intestate had been compelled to pay to the appellee Davis, the full amount of the judgment, interest and costs in order to redeem the insane ward's land from the sale so made. The prayer was that the default and judgment should be set aside, and that the plaintiff, as administrator, might recover the amount which the guardian had been compelled to pay in order to redeem from the sale.

Upon issues duly made the court heard the evidence and found the facts specially. The finding is, in substance, that the note in question was executed without consideration,

payable at a bank in this State, and that the maker was, at the time of its execution, and so continued until his death, a person of unsound mind. It is found that a judgment was taken on this note by default on the 28th day of November, 1877. The owner of the judgment was found to have purchased the note in good faith, for a valuable consideration, before its maturity. After judgment had been taken on the note, in the manner alleged in the complaint, the appellee Davis, being the owner of the judgment, instituted an action in the Boone Circuit Court to set aside an alleged fraudulent conveyance of certain real estate from Garrett McClain to his wife. The court found that the guardian of Garrett Mc-Clain set up as a defence to the action so instituted substantially the same facts in reference to the execution of the note and the unsoundness of mind of Garrett McClain as are set up in the complaint in this case. He also alleged in his answer, that he had instituted and then had pending a proceeding to set aside the judgment which the appellee was seeking to enforce. Such proceedings were had in that behalf as that, upon a trial of the issues therein joined, there was a finding and judgment for the plaintiff, and an order that the conveyance be set aside and the land subjected to sale to satisfy the judgment. The land was accordingly sold, the appellee herein bidding it in for the full amount of the judgment, interest and costs.

It is found by the court that the guardian of the judgment defendant, within the year for redemption, redeemed the land by paying the amount of the bid and interest thereon.

Upon the facts so found the court stated as its conclusion that the appellant was not entitled to have the judgment set aside, or to any other relief. Judgment was given accordingly.

The case presented is one in which a judgment by default was taken against a person of unsound mind, presumably after due service of process, by a good-faith holder of a commercial note which had been obtained by fraud and with-

out consideration by the original payee. No fraud or unfairness in obtaining the judgment is either alleged or found, nor does it appear that the holder of the note had any knowledge or reason to suspect that the maker was insane at the time the judgment was taken.

The defendant not having been judicially declared to be a person of unsound mind at the time the contract was made and the judgment taken, the question is, will the default be set aside as against a good-faith purchaser of the note, and the guardian or administrator let in to defend, by simply showing that his ward was of unsound mind when the note was executed and the judgment taken, and that the note was without consideration?

The proceeding was commenced under section 396, R. S. 1881. This section provides, among other things, that a party may be relieved from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint or motion filed within two years. That there was a meritorious defence to the action is clear. The note was obtained by fraud from a person of unsound mind, without any consideration. That the holder of the note and judgment plaintiff was an endorsee for value, without notice, does not alter the case. The maker of the note, being at the time of unsound mind, had no capacity to bind himself by contract. A purchaser of commercial paper is affected with notice of the *status* or disability of the maker. That the note was purchased in good faith before maturity presents no obstacle to a disaffirmance in case the maker had not the mental capacity to bind himself by contract, unless the note was originally taken in good faith upon a consideration which was reasonably necessary for, or actually beneficial to, the maker. *Physio-Medical College* v. *Wilkinson*, 108 Ind. 314; *Baxter* v. *Earl of Portsmouth*, 5 Barn. & Cres. 170; *Dane* v. *Kirkwall*, 8 C. & P. 679; *Seaver* v. *Phelps*, 11 Pick. 304; Buswell Insanity, section 290.

The protection of persons who are so unfortunate as to be

bereft of reason and incapable of managing their own estates, is of higher obligation, and an object more to be cherished by the courts, than is the protection of holders of commercial paper, however innocent they may be. *McClain* v. *Davis, supra; Moore* v. *Hershey,* 90 Pa. St. 196; *Wirebach* v. *First Nat'l Bank,* 97 Pa. St. 543 (39 Am. R. 821); *Van Patton* v. *Beals,* 46 Iowa, 62 ; *Mutual Life Ins. Co.* v. *Hunt,* 79 N. Y. 541 ; 1 Daniel Neg. Inst., sections 209, 210; *Hull* v. *Louth,* 109 Ind. 315; Buswell Insanity, sections 300, 301.

" There can be no contract unless there be a meeting of minds; and there can be no meeting of minds if the one party has no mind which can meet the mind of the other." 1 Parsons Notes and Bills, 149.

The fact that the maker of the note was of unsound mind at the time judgment was taken against him by default, presented such an excuse for his non-appearance as entitled his guardian to have the default set aside under the provisions of section 396. This was in effect determined by the decision given on the first appeal. Where an inequitable and unjust judgment has been taken against a party by default, it is the duty of the court to relieve him from the judgment, upon complaint or motion filed within two years, provided it be shown that he has a meritorious defence which, without inexcusable neglect on his part, he was prevented from making.

Courts have power to protect persons from the effect of judgments, who have not been served with process, or who without fault have been deprived of an opportunity for a hearing. When it is admitted or established that a defendant was insane when process was served upon him, and judgment taken by default, these facts carry all the other necessary consequences with them. It follows that the judgment in such a case was taken by mistake and without the defendant's fault. *Leach* v. *Marsh,* 47 Maine, 548.

No doubt but that equity would furnish relief by an original bill after two years had expired. In such a case, it

might be necessary, however, in order that relief should be afforded, that the injured party go further and show that the judgment plaintiff had been guilty of some fraud or unfairness in taking the judgment.

After a judgment has stood beyond the statutory period within which it may be reviewed, set aside, or opened up, relief can only be had by appealing to the equity or chancery jurisdiction of the court. We need not consider the principles applicable to such a case. *Johnson* v. *Pomeroy*, 31 Ohio St. 247; *Stigers* v. *Brent*, 50 Md. 214 (33 Am. R. 317; 10 Cent. L. J. 473); *King* v. *Robinson*, 33 Maine, 114.

Having arrived at the conclusion that, upon the facts found as they existed when the proceeding to set aside the judgment was originally commenced, the defendant therein was clearly entitled to be relieved, it remains to be considered whether the court properly denied relief on account of what has occurred since.

Did the holder of the judgment by his proceeding to set aside the transfer of real estate from Garrett McClain to his wife, and the judgment therein obtained, and by selling the defendant's real estate, and by that means inducing the guardian to redeem from the sale, thereby bring about such a condition of affairs, pending the proceedings to set aside the default, as now precludes the court from affording relief from the judgment? Upon well settled principles this inquiry must be answered in the negative. What has happened since the rendition of the judgment which defeats a clear statutory right to relief? It is claimed that there has been an adjudication of the validity of the judgment, and that there has been a voluntary payment of the debt. It is found that, pending the proceeding to set aside the default, the appellee instituted a proceeding in aid of an execution, issued upon the judgment, to subject certain real estate to sale in order to satisfy the judgment now in question. To this proceeding the guardian answered that his ward was a person of unsound mind at the time the judgment was ren-

dered, that there was a meritorious defence to the action on the note, and that a proceeding was then pending to set aside the judgment which the plaintiff was then seeking to enforce. Over this answer the court gave judgment that the conveyance should be set aside, and that the ward's land be subjected to sale. The answer filed by the guardian was in the nature of a dilatory plea. It was in effect an appeal to the court to stay proceedings until the pending application to set aside the default should be determined. While the judgment, in aid of the enforcement of which the proceeding to subject the ward's land was being prosecuted, remained in force, it was not competent in a collateral proceeding to draw its validity in question by an answer that there was a meritorious defence to the original action, and that the judgment had been taken by mistake or through the excusable neglect of the defendant. The judgment of the court setting aside the conveyance and subjecting the land did not, and could not, involve the merits of the pending application to set aside the default. *Proctor* v. *Cole*, 104 Ind. 373; *Boggs* v. *Clark*, 37 Cal. 236; Freeman Judg., section 321.

Perhaps the court should have stayed the proceeding to set aside the conveyance until the pending case had been determined. Its judgment, however, in the collateral proceeding did not estop the guardian from carrying on the pending proceeding to obtain relief under the statute.

The right to obtain relief from a judgment under section 396 can not be defeated by the plaintiff instituting proceedings, in aid of an execution, to enforce the judgment from which the defendant had already asked to be relieved, and for which purpose appropriate proceedings were then pending.

Where a party's hands have been tied by a judgment wrongfully obtained against him, he can not be prevented from obtaining relief by other complications which the holder of the judgment may have forced upon him, without his consent, during his struggle to free himself from the original wrong. One who proceeds with the enforcement of a judg-

ment so obtained, with knowledge that proceedings have been instituted by or on behalf of the defendant to be relieved therefrom, takes the chance that, if the judgment is reversed or set aside, he will be compelled to restore his adversary to the situation he was in before the erroneous judgment was rendered—that is to say, whatever has been coerced from the defendant in the way of enforcing a judgment while proceedings to set it aside are pending, must be restored in the event the judgment should finally be for the defendant. A party will not be permitted to hold on to an advantage obtained by means of an inequitable and wrongful judgment after the judgment has been set aside or reversed. *Maghee* v. *Collins*, 27 Ind. 83; *Argenti* v. *City of San Francisco*, 30 Cal. 458; *Raun* v. *Reynolds*, 18 Cal. 275; Freeman Judgments, section 481.

The fact that the guardian redeemed his ward's land from the execution sale presents no obstacle against the right of the administrator to have the default set aside. Every step which the appellee took was taken with knowledge that the judgment which he was enforcing was being challenged as wrongful. He is not in a position to say that the redemption by the guardian of the ward's property, which had been sold to satisfy a judgment which ought never to have been rendered, was a voluntary payment. What could the guardian do after the sale except to redeem, or take the chance that the Supreme Court might hold that his ward was without remedy? He had instituted proceedings to set the judgment aside. When the appellee instituted his proceedings in aid of the execution, he had, without success, appealed to the court to delay until the motion to set aside the default could be determined. Over all, the appellee proceeded to sell his ward's homestead.

We can not understand how it can be maintained that, because the guardian did that which every prudent man would have done under like circumstances, it is now to be said the

payment was voluntary, and a bar to obtaining relief from the judgment.

Upon the facts found our conclusion is, that the judgment by default against Garrett McClain should be set aside, so far as to allow the administrator of his estate to present whatever defence there may be to the note sued on, and that the money paid to redeem be brought into the Boone Circuit Court to await the final order and determination of the pending suit.

Judgment reversed, with costs, with direction to the court below to restate its conclusions of law according to this opinion, and for further proceedings.

Filed May 24, 1887; petition to modify mandate overruled Sept. 21, 1887.