Davis, J.
Appellant filed in the court below, on the 11th day of December, 1893, a claim against the estate of said Daniel Arnold, deceased, founded on a note executed by said Arnold to one Buckley, on the 16th day of December, 1892, for two hundred dollars, payable in one hundred and eighty days at a bank in this State, which, before maturity, was indorsed by the payee to appellant.
The first paragraph of the answer was that at the time said Daniel Arnold executed the note he was a person of unsound mind and incapable of transacting business, and that said note ivas wholly without consideration. A demurrer to this answer was overruled and proper exception reserved. This ruling is the basis of one of the errors assigned.
In an action by an indorsee before maturity, on a note negotiable by the law merchant, an answer is not sufficient which avers only that it was executed without consideration. Galvin, Admr., v. Meridian Nat’l Bank, 129 Ind. 439.; First Nat’l Bank v. Ruhl, 122 Ind. 279.
In order to constitute a good defense on the ground that the note was executed without consideration, the answer, in such case, should aver that the plaintiff was not a purchaser for value in good faith.
In an action on a note, an answer that the maker, at the time of its execution, was a person of unsound mind *557 constituted a good defense. Reinskopf v. Rogge, 37 Ind. 207; Wilder v. Weakley’s Estate, 34 Ind. 181; Copenrath v. Kienby, 83 Ind. 18; Musselman v. Cravens, 47 Ind. 1.
This rule applies where, as in this case so far as disclosed by the complaint and answer, the contract is wholly executory. Fay v. Burditt, 81 Ind. 433.
The purchaser of commercial paper takes with constructive notice of all legal disabilities of the parties, such as infancy, coverture and unsoundness of mind. McClain, Guar., v. Davis, 77 Ind. 419.
The general rule applicable in actions brought against persons of unsound mind is stated in Hull v. Louth, Guar., 109 Ind. 315, as follows: “When persons of unsound mind are brought into court by a suit to enforce contracts made by them it will not do to hold that they may not, by their guardian, make the defense that, when the contract was made, they were of unsound mind.”
When the action is brought by or in behalf of a person of unsound mind, a different rule has been recognized. In such actions it is necessary to aver that the insanity continued, and disaffirmance before suit by the guardian or representative of the person of unsoun4 mind, or that after restoration to reason there was a disaffirmance of the contract by the person. Hardenbrook v. Sherwood, Guar., 72 Ind. 403; Louisville, etc., R. W. Co. v. Herr, 135 Ind. 591.
The answer was sufficient.
The second paragraph of the reply to the first paragraph of the answer alleged in substance that Daniel Arnold, at the time he executed the note, was not possessed of a high order of intellect, but that he was, and had been, for thirty years engaged in transacting a large and profitable business, in the same neighborhood, under his own management and with such mind as he had when he executed the note; that he had accumulated a large *558 amount of money and property, and that he received full value for the note and used the consideration so received in his lifetime, well understanding the whole transaction and never attempted or offered to rescind or disaffirm said contract, and that he never was, at any time, adjudged to be a person of unsound mind, and that he was never considered a person of unsound mind by his family or friends.
The court sustained a demurrer to this paragraph of reply. This ruling is properly assigned as error.
In Reinskopf v. Rogge, supra, the answer was that the decedent, when he executed the note, was so intoxicated as to be incapable of executing the same.
The reply was that the note was executed for a stock of merchant tailoring goods, sold by appellants to said .Rudolph Rogge in his lifetime; that they were delivered to him and he used the same, and that neither he nor his representative returned or offered to return the same or any part thereof to appellant. The court held the reply insufficient.
In Wilder v. Weakley’s Estate, supra, which was an action on an account, it was alleged in the reply, that at the time of the sale and delivery of the goods the plaintiff had no knowledge of any insanity or mental imbecility of said Thomas Weakley, and in other respects the reply was in substance the same as in Reinskopf v. Rogge, supra.
The reply was held sufficient. The court said: “We think it may be safely stated, both on principle and authority, that where a person apparently of sound mind, and not known to be otherwise, and who has not been found to be otherwise by proper proceedings for that purpose, fairly and bona fide purchases property, and receives and uses the same, whereby the contract of purchase becomes so far executed that the parties can not be *559 placed in statu quo, such contract can not afterwards be set aside, or payment for the goods be refused, either by the alleged lunatic or his representatives.”
In Boyer v. Berryman, 123 Ind. 451, the court says: “It is now settled by our decisions that a deed of a person of. unsound mind, made before office found, to one who has no knowledge of the grantor’s incapacity is only voidable, and that, in order to avoid it, the consideration received must be tendered to the grantee.”
In Louisville, etc., R. W. Co. v. Herr, supra, it was held that knowledge did not change the rule on the question of disaffirmance.
In Nichol v. Thomas, 53 Ind. 42, it was held necessary to disaffirm the contract, but that it was not necessary, in that case, to restore the consideration.
In Fay v. Burditt, supra, appellant brought an action for the wrongful taking and detention of personal property, alleging that appellee detained the same under color of a pretended chattel mortgage, executed by him when he was of unsound mind and wholly incapable of understanding the transaction; that appellee knew he was then utterly insane; that he had, at the time of the commencement of the suit, so far recovered the use of his mental faculties as to be able to comprehend the ordinary affairs of life and to make contracts and prosecute the suit in his own behalf; that the mortgage and note secured thereby were executed without any consideration what-' ever.
It was alleged, in the answer, that appellee was ignorant of the fact that appellant was of unsound mind when he executed the note and mortgage; that, at the time, appellant appeared to be rational and competent to transact ordinary business; that appellee had known him for five years, and during all that time his soundness of mind was not questioned to appellee’s knowledge until a short *560 time prior to bringing the suit; that said note and mortgage were executed for a balance due appellee from appellant of unpaid rent for a good farm of sixty-five acres; that appellant was a farmer and had always pursued that business for the support of himself and family, and the use and occupation of farm land was to him a necessity; that in all of appellee’s transactions with him, he acted in good faith, and appellant having had full enjoyment of the lease for the time specifically mentioned in the answer, the parties can not now be placed in statu quo.
The court said: “Upon these-facts, it seems clear, upon authority as well as reason, that the plaintiff was not entitled to recover. It is now the well settled doctrine of this court, that the contracts of the unsound in mind, whose incapacity has not been judicially determined, are not void, but only voidable, and may, upon the removal of the disability, or by the act of a lawfully appointed guardian, be disaffirmed or ratified.”
The court also said, in the case last cited: “If determined upon principle, it would seem that if the other party to the contract entered into it in good faith and without notice of the incapacity, and the contract itself was fair, either an actual restoration would be necessary, or, if that had become impossible, a just compensation instead; and if neither restoration nor fair compensation could be accomplished, then, under the rule already stated, a disaffirmance would not be permitted.”
In Woods v. Brown, Guard., 93 Ind. 164, the court says: “Those of unsound mind are liable on their contracts for necessaries; and where they are not under guardianship their contracts, in'the absence of fraud or undue advantage by those contracting with them, may not be repudiated, without restoring what was received on such contracts, if the persons with whom the agree *561 ments were made were at the time of making the same, ignorant of their mental incapacity.”
In Fulwider v. Ingels, Guar., 87 Ind. 414, the court approved the doctrine that when a person apparently of sound mind, and not known to be otherwise, fairly and bona fide purchases property, and the contract becomes so far executed that the parties can not be placed in statu quo, such contract can not afterwards be set aside, either by the alleged insane person or by his representative.
In the case last cited, the guardian of a person of unsound mind brought the suit to set aside an exchange of lands. The facts alleged in the answer were similar to the facts averred in the reply under consideration. The court held the answer insufficient.
In North Western Mutual Fire Insurance Co. v. Blankenship, 94 Ind. 535, 546, the court held that where the lunatic has received and had the benefit, the contract being fair and made bona fide without knowledge of the lunacy by the other party, it would be unconscionable to refuse to enforce it.
It is not alleged in the reply what the consideration of the note was or what became of the consideration for which the note was executed. It is alleged in general terms that said Arnold “received full value for said note and understood at the time said note was made what it was given for and he received the full consideration of said note and used the same in his lifetime, well understanding the whole transaction and never attempted nor ■offered to rescind or disaffirm said contract. ’ ’
There is no allegation that the note was executed for necessaries. Neither is it averred that the contract was fair and that it was entered into in good faith by appellant in ignorance of the mental incapacity of Arnold or that the parties can not be placed in statu quo.
*562 Filed Jan. 16, 1895.
Under the authorities cited, the reply, in our opinion, was not sufficient. On the facts, as disclosed by the pleadings, appellant was not entitled to recover on the note. Whether the facts and circumstances connected with the transaction were such as to authorize a recovery for the consideration that entered into the note is a question that is not before us.
Judgment affirmed.