Long *v.* Williams.

No. 7703.

LONG *v.* WILLIAMS.

| 74 | 115 |
| 127 | 444 |
| 74 | 115 |
| 128 | 354 |
| 74 | 115 |
| 132 | 484 |
| 133 | 426 |
| 74 | 115 |
| 135 | 593 |
| 74 | 115 |
| 139 | 75 |
| 74 | 115 |
| 145 | 679 |
| 74 | 115 |
| 154 | 373 |
| 74 | 115 |
| 158 | 627 |

PRACTICE.—*Harmless Error.*—*Cross Complaint.*—*Demurrer.*—Where there is no substantial difference between the question presented in two paragraphs of a cross complaint, it is harmless error to sustain a demurrer to one of them.

SAME.—*Special Finding.*—Where a fact is not referred to in the special finding, no question is reserved in regard thereto by an exception to the conclusions of law from the facts found.

CONVEYANCE.—*Disaffirmance.*—*Voidable Deed.*—A voidable deed may be disaffirmed by entry on the land, by a written notice of disaffirmance, by a subsequent conveyance, or by any other equally emphatic act, declaratory of an intention to disaffirm.

SAME.—*Act of Disaffirmance.*—It is the act of disaffirming which destroys a voidable deed, and not the proceedings which may be taken to give force and effect to the disaffirmance after it has been made.

SAME.—*Possession Not Necessary to Disaffirm.*—It is not necessary that the grantor in a voidable deed should be in a position to recover the possession of the land conveyed, when the disaffirmance of the deed is made.

SAME.—*Insufficient Excuse for Failure to Disaffirm.*—The possession of real estate by a widow, under right of dower, is no excuse for the failure of a minor heir, to whom the fee belongs, to disaffirm a deed made thereto within a reasonable time after arriving at full age.

From the Shelby Circuit Court.

*B. F. Love,* for appellant.

*A. Major, S. Major* and *L. J. Hackney,* for appellee.

NIBLACK, J.—This was an action for partition, in which John Williams, the appellee, was plaintiff, and Nancy Long the appellant, and a considerable number of others, nearly all lineal descendants of one John White, deceased, were defendants. The complaint alleged that John White died intestate, in 1838, seized, amongst other tracts, of an eighty-acre tract of land, in Shelby county, the tract of which partition was demanded, and leaving a widow and six children; that the tract in controversy was afterwards assigned to the widow during her life as and for her dower interest in the lands of her said late husband; that, in 1848, the plaintiff had in-

termarried with the widow; that, on the 11th day of January, 1851, the plaintiff had purchased of the said Nancy Long, who was one of the children of the said John White, and was then the wife of one Abram Hill, and two other children of the said White, their interest in said eighty-acre tract of land; that the widow, with whom the plaintiff had so intermarried, had died intestate in 1875; that the plaintiff had inherited from her one thirty-sixth part of said tract of land, he thus becoming the owner in the aggregate of nineteen thirty-sixth parts thereof. Nancy Long filed a cross complaint, in two paragraphs, setting up title to seven thirty-sixths of the land in dispute. In both paragraphs she set out the deed, with the acknowledgments attached thereto, which she and others had executed to the plaintiff on the 11th day of January, 1851, averring that at the time of its execution she was a minor and a married woman, under eighteen years of age, and that she had since disaffirmed said deed. The only substantial difference between the two paragraphs was, the first averred a disaffirmance in 1877, and the second a disaffirmance in 1860. A demurrer was sustained to the first paragraph of the cross complaint, and, issue being joined, the court made a special finding of the facts established by the evidence.

The facts as found by the court, and the conclusions of law drawn from them, so far as any question is made by this appeal, were as follows: That on the 4th day of December, 1838, John White died intestate, leaving Margaret White as his widow, and Nancy White, now Nancy Long, Elizabeth White, afterwards Elizabeth Engler, now deceased, Sarah White, afterwards Sarah Wallace, now also deceased, Phebe White, also since deceased, Joseph White, also now dead, and William White, who has also since died, as his children, surviving him; that the said John White died seized, amongst other lands, of the eighty-acre tract described in the complaint; that dower in the lands of her late husband was as-

signed to the said Margaret, upon and so as to include said tract; that in the year 1848 the said Margaret intermarried with and became the wife of the plaintiff; that on the 11th day of January, 1851, the defendant Nancy Long, then Nancy Hill, together with her husband, Abram Hill, and Joseph White and wife, and William White and wife, executed and delivered to the plaintiff a deed of conveyance conveying to him the respective interests of the said Nancy, Joseph and William in the land in suit; that at the time of the execution of said deed the said Nancy was a married woman, and under eighteen years of age; that she did not arrive at the age of twenty-one years until the 11th of December, 1854; that the said Nancy did not, at any time or in any manner, ever disaffirm her said deed to the plaintiff, or declare to him her desire or intention not to be bound by the same, because of her minority when she executed said deed, or for any other cause, previous to the filing of her cross complaint; that afterwards the said Phebe White died intestate, without having ever been married, leaving her mother and brothers and sisters as her only heirs at law, surviving her; that, on the 6th day of August, 1875, the said Margaret, being still the wife of the plaintiff, died intestate.

Upon these facts, the court came to the conclusion that, at the death of John White, each of his children became entitled to one undivided sixth part of the land designated in the complaint, subject to the life-estate of their mother therein; that the plaintiff became the owner of the undivided interests of the said Nancy, Joseph and William in said land by their said deed of the 11th day of January, 1851, to him; that said deed, as to the said Nancy, was voidable, and might have been disaffirmed by her within a reasonable time after her arrival at the age of twenty-one years; that the dower interest of her mother in the land afforded no sufficient excuse for her delay in disaffirming her deed, within such reasonable time after arriving at full age; that, having failed

for more than twenty years after reaching her majority to disaffirm her deed, it was then too late for her to exercise that right; that, by the death of the said Phebe White, the said Margaret inherited one-half of her interest in, equal to one-twelfth of, said land, one-third of which one-twelfth went to the plaintiff at the death of the said Margaret; that, by reason of the premises, the plaintiff had become the owner of nineteen thirty-sixths of the land, and was entitled to have partition of the same; that, as one of the heirs of her sister Phebe, the said Nancy had inherited a small interest in the land subsequent to the execution of her deed to the plaintiff, and that, by her mother's death, she afterward became entitled to another small interest in the estate which her mother had inherited from the said Phebe.

The court came to further conclusions, upon other facts found by it, as to the interests which the other defendants had acquired in the land, to all of which conclusions of law the said Nancy by her counsel excepted.

Partition of the land was then decreed and made, setting off to the plaintiff nineteen thirty-sixth parts as his share therein, and otherwise disposing of the residue.

Error is assigned by Nancy Long, who alone appeals: 1. Upon the sustaining of the demurrer to the first paragraph of the cross complaint. 2. Upon the conclusions of law drawn by the court from the facts as found by it.

The appellant contends that the acknowledgment of the deed set out in the first paragraph of her cross complaint was so fatally defective, when considered with reference to the law in force at the time it was taken, as to render the deed void as to her, and that, for that reason the court erred in sustaining the demurrer to that paragraph. The second paragraph of the cross complaint, however, set out the deed and the acknowledgment, in the same manner as the first, and the question argued upon the acknowledgment was as well presented by the second as by the first paragraph. If

therefore, the demurrer to the first paragraph was erroneously sustained, a question we have not considered, the error was a harmless one, and as no reference was made to the acknowledgment in the special finding, no question is reserved upon it for our consideration here.

The appellant further contends that, as her mother was in the lawful possession of the land during her, the said mother's, natural life, the ancient and best established method of disaffirming a deed, by entry on the land, would have been unauthorized and unavailing, and that, by analogy, any other mode of disaffirmance would have been equally ineffectual, during the lifetime of the mother; and that a reasonable time for the disaffirmance of the appellant's deed had not elapsed between the time of the mother's death and the commencement of this suit. As applicable to the doctrine thus contended for by the appellant, it may be said—

First. That there are in this State several well recognized modes of disaffirming a voidable deed. The disaffirmance may be by entry upon the land, by a written notice of disaffirmance, by a subsequent conveyance, or by any other equally emphatic act, declaratory of an intention to disaffirm. *Law* v. *Long*, 41 Ind. 586 ; *Scranton* v. *Stewart*, 52 Ind. 68. The appellant might, therefore, have disaffirmed by other means than an entry upon the land.

Secondly. That it is the act of disaffirming which destroys a voidable deed, and not the proceedings which may be taken to give force and effect to the disaffirmance after it has been made. *Potter* v. *Smith*, 36 Ind. 231.

It was not necessary that the appellant should have been in a position to recover the possession of the land when she disaffirmed her deed to the appellee. She might have brought an action to quiet her title without being entitled to possession. 2 R. S. 1876, p. 254, sec. 611.

The possession of her mother was, therefore, no excuse

for the failure of the appellant to disaffirm her deed within a reasonable time after her arrival at full age.

We see no error in the proceedings below. The judgment is affirmed, with costs.