Ashmead v. Reynolds et al.

Filed March 14, 1891.

---

15,539.

## ASHMEAD v. REYNOLDS ET AL.

DEED.—*Of Insane Person.—Action to Set Aside.—Disaffirmance.—Pleading.— Complaint.*—A complaint in an action by heirs to set aside the deed of their ancestor, on the ground that he was of unsound mind when the deed was executed to the defendant, which fails to allege the disaffirmance of the deed before the commencement of the suit, is demurrable. *Hull* v. *South*, 109 Ind. 315, and *Lange* v. *Dammier*, 119 Ind. 516, distinguished.

SAME.—*Pleading.*—An averment that the defendant, after the death of the ancestor, took possession of the land over the objection of the plaintiffs, is not a sufficient averment of disaffirmance, where the ground of objection is not shown.

From the Gibson Circuit Court.

*M. W. Fields, J. W. Ewing, C. A. Buskirk* and *J. W. Brady,* for appellant.

*A. P. Twineham, W. D. Robinson* and *L. C. Embree,* for appellees.

COFFEY, J.—This was an action by the appellees against the appellant for the partition of the lands described in the complaint, and to set aside a conveyance of said land, executed by Joseph H. Reynolds to the appellant.

The complaint consists of four paragraphs.

The first paragraph alleges, among other things, that the said Joseph H. Reynolds died intestate in August, 1888, the owner in fee of the land, and leaving as his only heirs at law the parties to this suit; that the said Joseph H. Reynolds at the time of his death was, and for more than two years prior thereto had been, a person of unsound mind, and wholly incapable of managing his own affairs; that the appellant, well knowing his condition, and fraudulently intending to cheat and defraud him out of his property, did, without any consideration, obtain from the said Joseph H. Reynolds a deed of conveyance for all said land on the 28th day of May, 1888.

The second paragraph of the complaint alleges that the land in controversy was conveyed by Joseph H. Reynolds to the appellant on the 28th day of May, 1888; that at the date of said conveyance, and for more than six months prior thereto, said Joseph H. Reynolds was more than eighty years old, sick and greatly enfeebled both in body and mind, and by reason thereof easily susceptible to the influence, arts and persuasions of others; that during said time the appellant, who was the nephew of the said Joseph H. Reynolds, well knowing his weak and enfeebled condition, and corruptly contriving and intending to profit thereby, and to defraud the said Reynolds out of said land, made frequent visits to him, and by means of continuous, persistent and undue persuasions, and undue, corrupt and overpowering influence, so wrought upon the mind and inclinations of the said Reynolds that on the said 28th day of May, 1888, he procured from him an agreement, whereby he agreed and undertook, without any consideration whatever at the time paid by the appellant, and without any agreement to pay any reasonable or adequate consideration therefor, to convey said land to

the appellant, and that pursuant to said agreement, and in consummation thereof, the said Reynolds did, on said day, convey the land to the appellant; that said land was of the value of nine thousand dollars; that by the means above set out the will and intent of the said Reynolds were overpowered and controlled to the extent that instead of acting in accordance with his own will and desire, he was wholly governed and controlled by the appellant; that after the death of the said Reynolds, and prior to the commencement of this action, the appellant, against the protest of the appellees, took exclusive possession of said land, and excluded the appellees therefrom, and frequently asserted that he was the owner thereof, and that the appellees had no interest therein; that said Reynolds departed this life intestate on the 18th day of August, 1888, leaving the parties to this suit as his only heirs at law.

The third paragraph of the complaint does not materially differ from the first, except that it alleges the deed therein described was procured by the appellant in the manner set out in the second paragraph.

The fourth paragraph of the complaint alleges that Reynolds was a person of unsound mind; that appellant procured from him a deed to the land in controversy without any consideration; that Reynolds died intestate on the 18th day of August, 1888, and that after his death the appellee took possession of said land and refused to permit the appellees to occupy any part thereof and declared that he had a deed to the same and was the owner thereof, and that the appellees had no interest therein.

A trial of the cause, by the court, resulted in a finding and judgment for the appellees.

The assignment of errors calls in question the correctness of the ruling of the circuit court in overruling a demurrer to each paragraph of the complaint, as well as the correctness of the decision in overruling a motion for a new trial.

The principal objection urged against the complaint is,

that it fails to allege a disaffirmance of the deed executed by Joseph H. Reynolds to the appellant before the commencement of this suit. This objection is well taken. It is too well settled in this State to admit of controversy that the executed contracts and deeds of a person of unsound mind, not under guardianship, are not void but only voidable. Before an action can be maintained to set aside such contracts or deeds they must be disaffirmed. The same rule prevails as to contracts and deeds obtained by fraud. *Nichol* v. *Thomas*, 53 Ind. 42; *Schuff* v. *Ransom*, 79 Ind. 458; *Fay* v. *Burditt*, 81 Ind. 433; *Musselman* v. *Cravens*, 47 Ind. 1; *Freed* v. *Brown*, 55 Ind. 310; *Wray* v. *Chandler*, 64 Ind. 146; *Hardenbrook* v. *Sherwood*, 72 Ind. 403; *Boyer* v. *Berryman*, 123 Ind. 451.

Before a party holding such contract or deed can be subjected to litigation, he must have an opportunity to correct the evil without costs. Something should be said, or some act done, whereby the party holding such deed or contract is distinctly given to understand that the party having the right to do so intends to disaffirm. It is the act of disaffirming which destroys a voidable contract or deed, and not the proceedings which may be taken to give force and effect to the disaffirmance after it has been made. *Potter* v. *Smith*, 36 Ind. 231; *Long* v. *Williams*, 74 Ind. 115.

It is contended by the appellees in this case that the allegation in the complaint, to the effect that the appellant, after the death of Joseph H. Reynolds, took possession of the land in dispute over the objection and protest of the appellees, amounts to an allegation that they disaffirmed the deed.

This allegation, however, is wholly omitted in the first paragraph of the complaint; nor do we think it amounts to a good allegation of disaffirmance in the other paragraphs.

The ground upon which the appellees objected and protested does not appear. Their objection and protest may have been upon other grounds than that they disaffirmed the deed of Joseph H. Reynolds, and the appellant may have

had no notice that they intended to repudiate such deed. If he had no such notice he did not have the opportunity to reconvey, without costs, which the law confers.

The conclusion here reached is not in conflict with the cases of *Hull* v. *Louth*, 109 Ind. 315, and *Lange* v. *Dammier*, 119 Ind. 567.

In the case of *Hull* v. *Louth, supra,* Emma J. Taylor, who executed the conveyance involved, was brought into court by the plaintiff in the case. Her mental incapacity had been continuous, and the guardian was not appointed until after the suit had been commenced. There was, therefore, no one who could disaffirm the conveyance before the commencement of the suit.

Furthermore, it has always been held that where an insane person is brought into court, by suit, to enforce a contract made by him, he may, by his guardian, defend on the ground that he was insane at the time such contract was made. *Northwestern Mut. F. Ins. Co.* v. *Blankenship,* 94 Ind. 535; *Copenrath* v. *Kienby,* 83 Ind. 18; *Musselman* v. *Cravens, supra.*

All that is authoritatively decided relative to the question now before us, in the case of *Lange* v. *Dammier, supra,* is that a failure to allege in the complaint a disaffirmance is cured by verdict, and is not available on a motion in arrest of judgment.

In our opinion the circuit court erred in overruling the demurrer of the appellant to each paragraph of the complaint now before us.

Judgment reversed, with directions to sustain the demurrer to the complaint.

Filed Jan. 7, 1891; petition for a rehearing overruled March 14, 1891.