The Louisville, New Albany and Chicago Railway Company *v.* Herr.

Filed Nov. 28, 1893.

---

. No. 16,317.

## THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* HERR.

PLEADING.—*Departure in, When Takes Place.*—A departure takes place under the code, when, in a subsequent pleading, a party deserts the ground taken in his antecedent pleading, and resorts to another.

SAME.—*Reply, Sufficiency of.*—*Unsoundness of Mind.*—*Contract, Disaffirmance of.*—A reply of unsoundness of mind, in avoidance—to an answer alleging agreement and settlement of the matter in litigation, by the parties, and a part payment, and a tender of the balance in the time agreed, and a production of the same in court for plaintiff—is insufficient which does not allege that after the execution of the contract the plaintiff's reason was restored, and does not allege any act by him, or a guardian for him, disaffirming the contract.

From the Hamilton Circuit Court.

*E. C. Field, W. S. Kinnan* and *R. Graham,* for appellant.

*F. J. Van Vorhis, W. W. Spencer, T. J. Kane* and *T. P. Davis,* for appellee.

HACKNEY, J.—This action was by the appellee for personal injuries alleged to have been sustained in the derailment of appellant's train, while a passenger. The recovery was seven thousand dollars.

The second and third answers pleaded an oral settlement of all liability for the agreed sum of five hundred dollars and an annual pass over appellant's line for the

year 1890; that five dollars of said agreed sum had been paid and said annual pass delivered; that the balance of said agreed sum had been tendered within the time agreed, and was brought into court for appellee's use.

The fourth answer pleaded a written agreement of settlement upon the same terms and the same part performance, tender and production of the balance.

The reply was, that at the time of the agreement the appellee was *non compos mentis*, owing to the disturbance of his nervous system from the accident complained of; that the appellant well knew his mental condition when said agreement was procured; that he did not receive or accept said money, or said pass, but that both were returned to the appellant. The appellant insists that this reply shows a retention of the sum paid and the pass, and is, therefore, an affirmance of the settlement. We are unable to so construe the pleading.

It is further insisted that the facts so replied are a departure from the cause of action pleaded in the complaint, and that to have been available they should have been averred in the complaint.

A departure takes place "when in any pleading the party deserts the ground that he took in his last antecedent pleading, and resorts to another," or "a departure, under the code, admits the groundlessness of the complaint, abandons the case made by it and makes a new one." *McAroy* v. *Wright*, 25 Ind. 22; Stephen's Pleading, 9 Am. Ed., p. 410; Work's Pr. & Pl., vol. 1, p. 336, section 512. The reply before us does not abandon the case made by the complaint, and does not resort to a new ground of action. It seeks to avoid the force of a contract which, if in force as pleaded in the answer, would defeat the cause of action alleged in the complaint. This is not a departure, but the inquiry arises, and must be determined, does the reply avoid the force of the an-

NOVEMBER TERM, 1893.        593

The Louisville, New Albany and Chicago Railway Company *v.* Herr.

swer?   In the attempt to do so, it is alleged that at the time of the execution of the contract the appellee was of unsound mind.   There is no question but that contracts, executed or executory, may be avoided on the ground that the maker was of unsound mind, but what is necessary to accomplish the avoidance?   Here the contract alleged was executed by one not under guardianship, and not judicially determined to be of unsound mind.   The contract was more than an executory one, it was executed in part.   Such contracts are not void, but are merely voidable, and to avoid them it is necessary that they shall be disaffirmed.   *Ashmead* v. *Reynolds*, 127 Ind. 441; *Boyer* v. *Berryman*, 123 Ind. 451; *Schuff* v. *Ransom*, 79 Ind. 458; *Fay* v. *Burditt*, 81 Ind. 433; *Hardenbrook* v. *Sherwood, Guar.*, 72 Ind. 403; *Wray, Admr.*, v. *Chandler, Guar.*, 64 Ind. 146; *Freed* v. *Brown*, 55 Ind. 310; *Nichol* v. *Thomas*, 53 Ind. 42; *Musselman* v. *Cravens*, 47 Ind. 1.

As said in *Ashmead* v. *Reynolds, supra*, "It is the act of disaffirming which destroys a voidable contract or deed, and not the proceedings which may be taken to give force and effect to the disaffirmance after it has been made."  See, also, *Potter* v. *Smith*, 36 Ind. 231, and *Long* v. *Williams*, 74 Ind. 115.

The reply does not allege that after the execution of the contract the appellee's reason was restored, nor does it allege any act, by him or a guardian for him, disaffirming the contract.   Such restoration and disaffirmance, or continued unsoundness of mind and disaffirmance by guardian, are necessary to the sufficiency of a plea in avoidance of a contract.   *Hardenbrook* v. *Sherwood, Guar., supra*.   No guardianship being alleged, we can not presume its existence.   Insanity being alleged, and it not appearing that he had been restored, we can

The Louisville, New Albany and Chicago Railway Company v. Herr.

not presume the existence of that condition essential to a valid disaffirmance by him.

While the reply does allege that the appellee did not receive or accept the money or the pass, it alleges the apparently inconsistent fact that both have been returned to the appellant. The construction of the pleading must be taken most strongly against the pleader, and we must hold the theory of the pleading to be that, while having been put in possession of the money and the pass, his mind did not concur in the acceptance of the same, and that they were returned; that the return was made with the concurrence of the appellee's mind is a fact essential to a disaffirmance, but is, as we have said, absent from the reply. *Northwestern, etc., Ins. Co.* v. *Blankenship*, 94 Ind. 535; *Lange* v. *Dammier*, 119 Ind. 567; *Boyer* v. *Berryman, supra*. It insisted that the allegation of knowledge by appellant of appellee's condition renders disaffirmance unnecessary. The contrary was held in *Ashmead* v. *Reynolds, supra*. The appellee insists that the sufficiency of the reply is not before us, because of the failure, as claimed, of the appellant to urge the question in argument.

In this contention the appellee is in error.

There are numerous other errors discussed, but having reached the conclusion that the reply was insufficient, it is unnecessary to consider them, as they may not arise on another hearing of the cause.

The judgment of the circuit court is reversed, with instructions to sustain appellant's demurrer to the second paragraph of appellee's reply.

Filed Nov. 28, 1893.