Thrash *et al. v.* Starbuck *et al.*

---

## THRASH ET AL. *v.* STARBUCK ET AL.

[No. 17,430.    Filed June 19, 1896.]

APPELLATE PROCEDURE.—*Longhand Manuscript.—Bill of Exceptions.*—Under section 1476, Burns' R. S. 1894 (section 1410, R. S. 1881), the original longhand manuscript of the evidence must be filed with the clerk, before it is incorporated in the bill of exceptions.

SAME.—*Error in Rendition of Judgment.—New Trial.—Venire de Novo.*—Where, in an action to cancel a deed, the court of its own motion calls a jury and submits questions of fact, and upon the answers returned by the jury, renders judgment, the error, if any, is available by motion to strike out or modify the judgment, and not by motion for a new trial or *venire de novo.*

HARMLESS ERROR.—*Demurrer.*—Error in overruling a demurrer to a bad pleading is not available, where the facts alleged therein are found against the party pleading them.

PLEADING.—*Complaint in Action to Cancel Deed.*—In an action to cancel a deed, executed by a person of unsound mind, allegations of tender to the grantee of the consideration paid, of a demand for a deed of reconveyance, and of knowledge on the part of the grantee that his dealings were with one *non compos mentis,* are sufficient.

VOL. 145—43

SAME.—*Complaint.—Tender.*—Where a grantee procures a convey-
ance, with the knowledge that the grantor is a person of unsound
mind, a tender of the purchase-price is not a necessary prerequisite
to a suit to annul such conveyance.

From the Jay Circuit Court. *Affirmed.*

*J. H. Williamson, E. McGuff,* and *R. H. Harford,*
for appellants.

*J. S. Engle, LaFollette & Adair,* and *W. G. Parry,*
for appellees.

HACKNEY, J.—The appellees, the widow and heirs
at law of Robert Starbuck, deceased, sued the appel-
lants, George Thrash and his wife, to annul a deed of
conveyance, executed by the said Robert to said
George. The complaint was in two paragraphs, the
first alleging the weakness of mind of Robert Star-
buck, and that said Trash, by false and fraudulent
representations, and upon an inadequate considera-
tion, obtained from said Starbuck the conveyance of
an undivided interest in fee-simple in a certain tract
of land in Jay county, a life-estate in which was held
by one Malinda Finch. The second paragraph sought
to avoid said deed because of the alleged unsoundness
of mind of said Starbuck. In said paragraph it was
alleged that said Starbuck was, on the 1st day of
February, 1892, of unsound mind, and incapable of
managing his estate, which fact was well known to
said Thrash; that, on said 1st day of February, 1893,
said Thrash fraudulently procured and induced said
Starbuck to execute to him a deed of conveyance for
said real estate for the inadequate consideration of
$150.00, the same then being of the value of $800.00,
which fact said Thrash well knew; that said Star-
buck continued to be of unsound mind from the day
of the execution of said deed until in November, 1892,
when he died intestate; that in October, 1893, the ap-

pellees tendered to the appellants $150.00 and de-
manded a rescission of said deed, and at the same time
presented a deed prepared for the signatures and
acknowledgment of the appellants ; that they re-
fused to accept said tender, refused to rescind the
deed, and refused to reconvey said lands. It was al-
leged, also, that the appellees were the widow and
heirs at law of said Robert Starbuck, and entitled
thereby to take the estate of said decedent under the
laws of the State of Indiana; and they prayed a rescis-
sion of said deed, a reconveyance of said lands, and
all other proper relief.

A demurrer to each paragraph of complaint was
overruled, and issue was joined by answers and reply.
The appellants demanded, as of right, a trial by jury,
which demand, upon the objection of the appellees,
was denied. The court, of its own motion, called a
jury for the purpose of submitting questions of fact
in issue and, upon a trial, the court directed a num-
ber of interrogatories to the jury, which, without a
general verdict, were returned with the answers there-
to. Thereupon the court made an entry that "the
court, being fully advised in the premises, renders
judgment on the interrogatories and answers thereto,
heretofore returned by the jury. It is therefore con-
sidered, adjudged, and decreed by the court that the
deed in the proceeding mentioned, * * * be and the
same is hereby canceled and set aside," etc.

Following this entry the appellants filed their mo-
tion for a new trial for causes, among which was the
following: "That the court erred in rendering judg-
ment for the plaintiffs on the interrogatories and an-
swers thereto heretofore returned by the jury." This
motion was overruled and an exception reserved.

The sufficiency of each paragraph of complaint is
attacked in this court, various rulings in the admission

of evidence are questioned, the correctness of several instructions given by the court is denied, the rejection of instructions is claimed as error, and the action of the court in rendering judgment without expressly entering findings, by it made, upon which to predicate such judgment.

Questions arising upon the evidence and instructions are not available, because the evidence is not properly in the record. The bill of exceptions contains what purports to be the longhand manuscript of the shorthand notes of the evidence, but there was no such filing of this manuscript, as required by law. The transcript contains the statement that on August 21, 1894, within the time allowed, the appellants "filed in said cause, in the office of the clerk of said court, their bill of exceptions, containing their motion for a new trial, the overruling of said motion by the court, and the defendants' exceptions thereto, and the longhand manuscript of all the evidence in said cause," etc. There is no other evidence of the filing of said longhand manuscript, except that in his certificate to the transcript, the clerk states: "I further certify that on the 21st day of August, 1894, the official reporter, who took down the evidence in said cause, filed in my office his longhand manuscript thereof, and the defendants at the same time filed their bill of exceptions, which longhand manuscript was made a part thereof, which is the same manuscript of the evidence incorporated in the bill of exceptions made a part of the foregoing transcript." It is manifest that the longhand manuscript of the evidence was not filed in the clerk's office before the bill of exceptions was filed, or before it was incorporated in the bill. This, it has been held, is not in compliance with the statute. Section 1476, R. S. 1894 (section 1410, R. S. 1881). *DeHart* v. *The Board*, etc., 143 Ind. 363;

*Holt* v. *Rockhill*, 143 Ind. 530; *Smith* v. *State, ante,* 176; *Indiana, etc., R. R. Co.* v. *Lynch, ante,* 1.

The question suggested by the motion for a new trial, as to the rendition of judgment upon the inter- rogatories to and answers thereto by the jury, it is urged by counsel for the appellees, presents no proper question for decision. The theory upon which the trial proceeded was that the cause was of equitable cognizance, and not triable by a jury. But, as it is conceded the court had the privilege of doing, a jury was called to hear issues of fact and return findings thereon for the information of the court. It is con- ceded, also, that under this practice the findings of the jury were not properly the basis of the court's judg- ment or decree, but that it was the duty of the court, if the findings of the jury coincided with the court's findings, or if the court concurred in the conclusions reached by the jury, to enter its findings, however in- duced, as its own, and upon such findings predicate its decree. We do not consider whether the action of the court should be held an adoption, as its own, of the findings of the jury, but the question arising be- fore we reach that inquiry is, did the motion for a new trial invite such action from the lower court as will admit of the objections here urged? The rendition of judgment was not a part of the trial. Any error in that respect called for no new hearing upon the issues. The burden of another trial was not essential to the correction of the error, if it was an error. The only step taken by the appellant inviting a correction of the supposed error of the court was in moving for a new trial, the sustaining of which would have need- lessly entailed another hearing upon the evidence. Nor do we think, as counsel for the appellees argue, that a motion for a *venire de novo* was the correct mo- tion. That step likewise called for another presenta-

tion of the evidence, and was, for the reasons already given, entirely unnecessary. The action of the court should have been invited by motion either to strike out the judgment or to modify the judgment, and a ruling on such motion would have afforded the court an opportunity to correct its error without declaring a mistrial, or to stand upon its action and permit an exception, which would supply the basis of error assigned in this court.

The remaining inquiries relate to the sufficiency of the paragraphs of complaint. Treating the judgment as predicated upon the findings disclosed by the answers to interrogatories, and this we must do because of the absence of any proper question of them, we are lead to conclude that the judgment was predicated upon the second paragraph of complaint and not upon the first paragraph. It was expressly found that the transaction on the part of Thrash was not fraudulent. The judgment, therefore, could only rest upon and must find its support from the second paragraph of complaint. Where a demurrer has been overruled to a bad pleading, and it appears that the facts alleged therein are found against the party pleading them, such rulings cannot become available error. *Miller* v. *McDonald*, 139 Ind. 465; *Miller* v. *Rapp*, 135 Ind. 614; *Evansville, etc., R. R. Co.* v. *Maddux*, 134 Ind. 571; *Louisville, etc., R. W. Co.* v. *Davis*, 94 Ind. 601; *McComas* v. *Haas*, 93 Ind. 276; *Johnson* v. *Ramsay*, 91 Ind. 189.

Besides the finding metioned, it was found that at the time of making said deed Robert Starbuck did not have sufficient mental capacity to understand ordinary business affairs and comprehend the nature of his acts; that the consideration paid was inadequate, and was but $150.00, when the value of the interest conveyed was $450.00; that said Robert, at said time,

appeared to be of unsound mind and incapable of transacting business, and was actually of unsound mind. It was found, also, that before bringing this suit the appellees caused to be tendered to Thrash $150.00 in gold coin, with a deed ready for signatures and acknowledgment, reconveying said real estate to the appellees, and that he refused to accept said money or to reconvey said lands. These findings supply the material facts alleged in the second paragraph of complaint. Was the second paragraph of complaint sufficient to withstand the demurrer of the appellants? One objection urged against it is, that no disaffirmance is alleged. The allegations of tender, demand for deed, and knowledge on the part of the grantee, that his dealings were with one *non compos mentis*, are, we have no doubt, sufficient.

The demanded rescission was a plain and emphatic declaration of an intention not to be bound by the deed. The objection, that this is insufficient, is upon the ground that the appellant could not know the rea-. son for the avoidance. Knowledge of the incapacity of his grantor being alleged was a sufficient notice of the reason, if indeed a reason therefor were necessary. Ordinarily it is not required that reasons for one's acts shall be pleaded, or that the evidence of the fact shall be set forth in the pleading.

In *Drake* v. *Ramsay,* 5 Ohio, 252, it was held that "an effort to restore parties to their original condition, or any act unequivocally manifesting the intention, would render the avoidance effectual."

In *Long* v. *Williams,* 74 Ind. 115; *Scranton* v. *Stewart,* 52 Ind. 68, and *Law* v. *Long,* 41 Ind. 586, the rule was recognized that any act distinctly and emphatically declaring an intention to disaffirm is a disaffirmance.

In Clark Contracts, p. 253, it is said: "A deed may be effectually avoided by any acts or declarations dis-

closing an unequivocal intent to repudiate it." *Haynes* v. *Bennett*, 53 Mich. 15; 18 N. W. Rep. 539.

It has been held, also, that disaffirmance arises from conduct clearly inconsistent with the contract. *Pyne* v. *Wood*, 145 Mass. 558; 14 N. E. Rep. 775; *Vent* v. *Osgood*, 19 Pick. (Mass.) 572; *Dallas* v. *Hollingsworth*, 3 Ind. 537.

It is further objected that the paragraph did not allege that the appellees made their tender of the purchase-money good by bringing it into court for appellants' use. It is the undoubted rule that where one deals fairly with a person of unsound, though apparently of sound mind, without knowledge of such unsoundness, is entitled to be placed in *statu quo* upon the avoidance of the deed or other contract resulting from such dealing. *Boyer* v. *Berryman*, 123 Ind. 451; *Fay* v. *Burditt*, 81 Ind. 433; *Copenrath* v. *Kienby*, 83 Ind. 18; *Musselman* v. *Cravens*, 47 Ind. 1.

It has not, to our knowledge, been decided in this or any other state that where the contract has been entered into with knowledge of the insanity, and an unconscionable advantage has been taken of the insane person, that it is a necessary prerequisite to avoidance, that a tender of that which has been received by such insane person shall be made. If the rule requiring the parties to be placed in *statu quo* includes, as a necessary element, the requirement that the party dealing with the *noncompos* shall be ignorant of the incapacity, and shall not deal unfairly, it would seem to follow as an indispensable result that the presence of such knowledge and of an unfair advantage would discharge the rule. Otherwise such elements of the rule are mere empty phrases.

Some cases go so far as to hold that one dealing with another who is insane, knowing of such insanity, unless such dealing is to supply necessaries, cannot

claim the contract to be merely voidable, but they hold it to be void. *Lincoln* v. *Buckmaster*, 32 Vt. 652; *Henry, Adr.*, v. *Fine*, 23 Ark. 417; *Matthiessen, etc., Co.* v. *McMahon's Admr.*, 38 N. J. L. 536, and cases cited in each.

Though this rule may not prevail in Indiana, it discloses the bent of the judicial mind against permitting the shrewd and cunning man of affairs to deal with one whom he knows to be incapable of dealing with judgment and discretion, and, after taking an unfair advantage of the opportunity, incur no hazard whatever. If he may so deal, with the possibility of retaining that so illy gotten, and with no possibility of losing that with which he parted, he is not restrained from attempting the advantage as opportunity offers.

In *Gibson* v. *Soper*, 6 Gray, 279, it was held that "To say that an insane man, before he can avoid a voidable deed, must put the grantee in *statu quo*, would be to say, in effect, that, in a large majority of cases, his deed shall not be avoided at all. The more insane the grantor was when the deed was made, the less likely will he be to retain the fruits of his bargain, so as to be able to make restitution. If he was so far demented as not to know or recollect what the bargain was, the difficulty will be still greater."

In *Eaton* v. *Eaton*, 37 N. J. L. 108, it was said of the above holding that "This is good law where there is fraud practiced upon one who is known at the time to be insane, but is not the law where the purchase and conveyance are made in good faith for a good consideration and without knowledge of the insanity." The case of *Crawford* v. *Scovell*, 94 Pa. St. 48, followed the case of *Gibson* v. *Soper, supra.*

In *Halley* v. *Troester*, 72 Mo. 73, it was held that one who receives property by exchange from another who

is of unsound mind, and this fact may be known from ordinary observation, is not entitled, upon avoidance of the transfer, to have the exchanged property tendered back.  See also 20 Am. L. Reg. (N. S.), p. 65.

Here, however, we are not required to go to the extreme limits of the cases cited.  A tender was made and was refused, as we learn from the allegations of the complaint.  This, we think, was unnecessary as a prerequisite to the suit, where it is alleged that the grantee took the conveyance with knowledge of the mental condition of the grantor, and obtained therein an unconscionable advantage.  Whether the appellant might recover the purchase-money is not before us.  However, it was found by the jury that the money tendered was taken into court for the use of the appellant, and we have no doubt the lower court, having the evidence before it, can determine the equitable rights of the parties in the premises.

Other objections to this paragraph are suggested, but they are of a trivial character, such as, that by the evident mistake in dates of deed, and death of Robert Starbuck, the conveyance was after his death.  These objections are not considered.

Finding no error in the proceedings and judgment of the trial court, said judgment is affirmed.