ÆTNA LIFE INSURANCE COMPANY *v.* SELLERS ET AL.

[No. 18,615.    Filed March 27, 1900.]

PLEADING.—*Demurrer.—Insane Persons.*—A cross-complaint which affirmatively shows the cross-complainant's want of capacity to maintain his suit is not bad as against a demurrer for want of facts. *p. 371.*

INSANE PERSONS.—*Contracts.*—The contract of an insane person who was not under guardianship at the time of the execution of the contract, is voidable only, and not void.    *p. 371, 372.*

PLEADING. — *Insane Persons. — Contracts.—Disaffirmance.*—A complaint by an insane person, not under guardianship, seeking the foreclosure of a mortgage which had been released of record, disclosing grounds on which the release might have been disaffirmed, but not pleading a disaffirmance of the release, discloses no right of action.    *pp. 372, 373.*

From the Wells Circuit Court.    *Reversed.*

*F. C. Dailey, A. Simmons, J. S. Dailey* and *H. C. Pettit,* for appellant.

*A. N. Martin* and *W. H. Eichhorn,* for appellees.

BAKER, J.—Appellant began this suit to foreclose a mortgage executed to it in June, 1889, by Kerlin B. Sellers on lands in Wells county.    Appellee Richard P. Sellers filed a cross-complaint in two paragraphs to foreclose a mortgage on the same land executed by Kerlin B. Sellers in March, 1860. Appellant's demurrer to the cross-complaint was overruled. Answer of general denial, of payment, and of release of appellee's mortgage.    Reply of general denial of payment and release, and of an argumentative denial of payment.    Appellee Richard P. Sellers did not answer appellant's complaint. There were various pleadings by other parties, but no question arises respecting them.    Special finding of facts and conclusions of law.    Decree, foreclosing appellee's mortgage. Appellant's motion for a new trial overruled.    The errors assigned involve the cross-complaint of Richard P. Sellers, the conclusions of law, and the motion for a new trial.

The first paragraph of cross-complaint alleges that Kerlin B. Sellers on March 8, 1860, executed his six months note for $1,790 to Benjamin Klahr and Benjamin Kline, executors of the last will of Philip Kline, deceased, and secured it by the mortgage of himself and wife upon the land in question; that the mortgage was duly recorded, etc.; that copies of the note and mortgage are attached, etc.; that on January 31, 1876, the payees of the note duly indorsed and delivered it to cross-complainant; that on August 1, 1889, a proper assignment of the mortgage was executed to cross-complainant and duly recorded on the same day; that on August 3, 1889, "the plaintiff and other persons procured this cross-complainant to execute a pretended release of his interest in said mortgage and mortgage debt, and caused the same to be entered of record in the office of the recorder of said county; that at the time of the execution by this cross-complainant of said pretended release and long prior thereto, the cross-complainant was and had been a person of unsound mind and utterly incapable of understanding the nature of such or of any instrument; that said pretended release was without consideration; that ever since the execution of such pretended release the cross-complainant has continued to be and now is a person of unsound mind; that at the time of the execution of said pretended release the plaintiff had notice and knowledge that this cross-complainant was then and there a person of unsound mind and has had such notice ever since"; that the debt remains due and unpaid, etc.; and prays that the release be set aside and the mortgage foreclosed.

Cross-complainant's want of capacity to maintain his suit affirmatively appears; but, as the demurrer assigned only the want of sufficient facts, the defect was waived. §339 R. S. 1881 and Horner 1897, §342 Burns 1894; *Wade* v. *State*, 37 Ind. 180; *Edwards* v. *Beall*, 75 Ind. 401.

It is thoroughly settled in this State that the executed contract of an insane person, who is not under guardianship

at the time, is voidable only, and not void. *Crouse* v. *Holman*, 19 Ind. 30; *Somers* v. *Pumphrey*, 24 Ind. 231; *Musselman* v. *Cravens*, 47 Ind. 1; *Nichol* v. *Thomas*, 53 Ind. 42; *Freed* v. *Brown*, 55 Ind. 310; *Wray* v. *Chandler*, 64 Ind. 146; *Hardenbrook* v. *Sherwood*, 72 Ind. 403; *McClain* v. *Davis*, 77 Ind. 419; *Schuff* v. *Ransom*, 79 Ind. 458; *Fay* v. *Burditt*, 81 Ind. 433, 42 Am. Rep. 142; *Copenrath* v. *Kienby*, 83 Ind. 18; *Northwestern Ins. Co.* v. *Blankenship*, 94 Ind. 535, 48 Am. Rep. 185; *College* v. *Wilkinson*, 108 Ind. 314; *Boyer* v. *Berryman*, 123 Ind. 451; *Ashmead* v. *Reynolds*, 127 Ind. 441; *Louisville, etc., R. Co.* v. *Herr*, 135 Ind. 591; *Thrash* v. *Starbuck,* 145 Ind. 673.

Until disaffirmed, the voidable executed contract, in respect to the property or benefits conveyed, passes the right or title as fully as an unimpeachable contract. By ratification, it becomes impervious; by disaffirmance, a nullity. And as such a contract may be ratified, whether the beneficiary was ignorant of the grantor's infirmity or obtained the benefit by means of his knowledge of the disability, so, in either case, disaffirmance is necessary in order to reduce the contract to nothingness. *Schuff* v. *Ransom*, 79 Ind. 458; *Fay* v. *Burditt*, 81 Ind. 433, 42 Am. Rep. 142; *Ashmead* v. *Reynolds*, 127 Ind. 441; *Louisville, etc., R. Co.* v. *Herr*, 135 Ind. 591.

In this suit the cross-complainant, an insane person not under guardianship, asked the foreclosure of a mortgage which the first paragraph of his pleading affirmatively showed had been released by him. The pleading discloses grounds on which the release might be disaffirmed. But no disaffirmance is pleaded. Until disaffirmed, the release stood as a voidable executed contract,—not a void one; and this paragraph of cross-complaint, therefore, disclosed no right of action. *Nichol* v. *Thomas*, 53 Ind. 42; *Schuff* v. *Ransom*, 79 Ind. 458; *Fay* v. *Burditt*, 81 Ind. 433, 42 Am. Rep. 142; *College* v. *Wilkinson*, 108 Ind. 314; *Ashmead* v. *Reynolds*, 127 Ind. 441; *Louisville, etc., R. Co.* v. *Herr*, 135 Ind. 591; *Thrash* v. *Starbuck*, 145 Ind. 673. The same rule,

of course, applies to contracts voidable on account of infancy or other disability. *Law* v. *Long*, 41 Ind. 586; *Scranton* v. *Stewart*, 52 Ind. 68; *Long* v. *Williams*, 74 Ind. 115. The defect in failing to aver disaffirmance goes to the substance of the case, for disaffirmance is a condition precedent to the right of action. The principle involved is similar to that in a case for the recovery of an estate on account of the breach of a condition subsequent in a deed, wherein the complaint must show not only the breach, but also a forfeiture, on account of the breach, effected by reëntry or demand, prior to the filing of the complaint. *Preston* v. *Bosworth*, 153 Ind. 458. The only cases in this State that might be considered out of line with the numerous authorities above cited are *Hull* v. *Louth*, 109 Ind. 315; and *Lange* v. *Dammier*, 119 Ind. 567; and they were distinguished in *Ashmead* v. *Reynolds*, 127 Ind. 441.

In this paragraph not only is there a failure to allege disaffirmance, but there is a direct disclosure of the incapacity of the cross-complainant to disaffirm. *Nichol* v. *Thomas*, 53 Ind. 42; *Louisville, etc., R. Co.* v. *Herr*, 135 Ind. 591.

The second paragraph of the cross-complaint set forth the same facts as the first, except that it contained no reference to the release. The answer pleaded the release. The reply was a general denial. As appellant's demurrer was addressed to the cross-complaint as an entirety, there was no available error in overruling it, since the second paragraph was good. But under the issues formed on this paragraph, the errors that were embodied in the first paragraph were carried throughout the trial. In the special finding and in the evidence, no disaffirmance is shown, but a want of capacity to disaffirm is disclosed.

Judgment reversed, with directions to sustain appellant's motion for a new trial.