## DOWNHAM ET AL. v. HOLLOWAY.

[No. 19,556. Filed May 27, 1902.]

DEEDS.—*By Person of Unsound Mind.*—The deed of a person of unsound mind not under guardianship is not void, but only voidable, and vests the title to the real estate in the grantee the same as an unimpeachable deed until disaffirmed by the grantor on becoming sane, or by his heirs after death. *p. 627.*

SAME.—*Voidable Deed.*—*Disaffirmance.*—An action to give force to the disaffirmance of a voidable deed does not accrue until after a disaffirmance. *p. 627.*

SAME.—*Deed by Person of Unsound Mind.*—*Disaffirmance.*—*Partition.*—A person of unsound mind, not under guardianship, conveyed to her son a certain tract of real estate. She continued of unsound mind until her death twenty-two years thereafter, when the rest of her heirs disaffirmed the deed, and brought suit for partition and to quiet title. *Held,* that the action was not barred by the statute of limitations. *pp. 626–628.*

From Hamilton Circuit Court; *E. A. Brown,* Special Judge.

Action by Charlotta Downham and others against Levi Holloway for partition of real estate and to quiet title. From a judgment for defendant, plaintiffs appeal. Transferred from the Appellate Court, under §1337u Burns 1901. *Reversed.*

*I. W. Christian, W. S. Christian* and *E. E. Cloe,* for appellants.

*R. K. Kane, T. E. Kane* and *T. J. Kane,* for appellee.

MONKS, J.—It appears from the pleadings that on September 28, 1876, Nancy A. Holloway, a person of unsound mind, not under guardianship, conveyed eighty acres of real estate in Hamilton county, Indiana, to appellee, her son, who took and held exclusive and adverse possession thereof under said deed continuously until the commencement of this action on December 19, 1898. The consideration named in said deed was $2,500, but no part thereof has ever been paid. Said Nancy A. Holloway

died intestate in July, 1898. After her death, and on November 28, 1898, and before the commencement of this action, appellants, heirs of deceased, disaffirmed said deed on the ground that said Nancy was of unsound mind when she executed the same, and commenced this action for partition and to quiet their title as such heirs to their shares of said real estate. The statute of limitations was pleaded in bar of the action. If the same began to run when the deed was executed, on September 28, 1876, the judgment must be affirmed; if not, it must be reversed.

The deed of a person of unsound mind not under guardianship is not void, but only voidable. *Aetna Life Ins. Co.* v. *Sellers,* 154 Ind. 370, 371, 372, 77 Am. St. 481, and cases cited; *Thrash* v. *Starbuck,* 145 Ind. 673; *Ashmead* v. *Reynolds,* 127 Ind. 441, 444. Such voidable deed vests the title to the real estate in the grantee the same as an unimpeachable deed until disaffirmed by the grantor on becoming sane, or by his heirs after his death. *Schuff* v. *Ransom,* 79 Ind. 458, 465; *Nichol* v. *Thomas,* 53 Ind. 42, 53.

So long as the grantor remains of unsound mind, he has no power to affirm or disaffirm such deed. *Nichol* v. *Thomas, supra,* 53; *Aetna Life Ins. Co.* v. *Sellers,* 154 Ind. 370, 372, and cases cited.

It is the act of disaffirmance which renders such voidable deed a nullity, and not the proceedings which may be taken to give force to the disaffirmance after it has been made. *Ashmead* v. *Reynolds,* 127 Ind. 441, 444; *Long* v. *Williams,* 74 Ind. 115, 119.

Until such deed is disaffirmed, there is no right of action; in other words, the action does not accrue until after the disaffirmance. *Aetna Life Ins. Co.* v. *Sellers,* 154 Ind. 370, 372, 373, and cases cited; *Ashmead* v. *Reynolds, supra; Fay* v. *Burditt,* 81 Ind. 433, 437, 42 Am. Rep. 142; *Schuff* v. *Ransom, supra,* 458, 465; *Nichol* v. *Thomas,* 53 Ind. 42, 53; *Welch* v. *Bunce,* 83 Ind. 382, 385; *Richardson* v. *Pate,* 93 Ind. 423, 426-428, 47 Am. Rep. 374.

In this case the grantor, Nancy A. Holloway, continued of unsound mind until her death. She therefore had no power to disaffirm said deed nor maintain any action for said real estate in her lifetime.

The statute of limitations will not begin to run until the cause of action accrues. Buswell on Limitations and Adverse Possession, pp. 37, 38; Angell on Limitations (6th ed.), §42; Wood on Limitations (3rd ed.), §117; *King* v. *Carmichael,* 136 Ind. 20, 28, 43 Am. St. 303, and cases cited. It follows that the statute of limitations did not begin to run when said deed was executed to appellee. The case must, therefore, be reversed.

Judgment reversed, with instructions to sustain appellants' demurrer to the fourth and ninth paragraphs of appellee's answer, and for further proceedings not inconsistent with this opinion.