<hr />

## BARKLEY *v.* BARKLEY ET AL.

### [No. 22,502. Filed October 27, 1914.]

1. DEEDS.—*Insane Persons.—Validity.—Rescission.*—While it is the general rule that the deed of a person of unsound mind, not under guardianship, is only voidable and vests the grantee with title until disaffirmance, the act of disaffirmance is not a condition precedent to an action to cancel or set aside a deed, where the grantee took the hand of the grantor while she was unconscious and made her mark on the deed without her knowledge, since in such case the instrument was in no sense her deed and was not susceptible of ratification or confirmation. p. 325.

2. INSANE PERSONS.—*Deeds.—Validity.—Disaffirmance.*—The rule that the deed of an insane person before office found carries title until disaffirmance has been had, strictly applies to cases where the grantee had no knowledge of the incapacity of grantor, dealt fairly, and parted with a valuable consideration; otherwise disaffirmance need not be averred or proven in an action to rescind. p. 326.

3. DEEDS.—*Validity.—Action.—Disaffirmance.*—Where property has been obtained by means of a fraudulent, voidable contract, and the vendor has received no consideration for it, the bringing of an action to reclaim the property is, ordinarily, a sufficient disaffirmance of the contract. p. 327.

4. APPEAL.—*Review.—Harmless Error.*—The action of the trial court in sustaining a motion to strike out portions of appellant's

answer, even if erroneous, can not work a reversal, where it appears from the evidence that the court permitted the broadest inquiry into the rights of all the parties, and found for appellant all that in justice and good conscience he was entitled to. p. 328.

From Starke Circuit Court; *Francis J. Vurpillat*, Judge.

Action by Carl M. Barkley and others against Daniel Barkley, Jr., and others. From a judgment for plaintiffs, the defendant named appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*W. C. Pentecost*, for appellant.

*Charles Hamilton Peters* and *Glenn D. Peters*, for appellees.

Cox, C. J.—Daniel Barkley, Sr., the father of appellee, in his lifetime was the owner of 80 acres of land in Starke County. On November 3, 1900, conveyance was made of this land to appellant by a deed purporting to have been executed by Daniel Barkley, Sr., and Augusta Barkley, his wife, the mother of appellant. Daniel Barkley, Sr., died September 2, 1901, and his widow, Augusta Barkley died intestate the year following. They left other children surviving them than appellant, and grandchildren who are children of other children who had died before the parents. Certain of these grandchildren sued appellant to cancel and set aside the deed of November 3, 1900, as to Augusta Barkley because of the alleged fraud of appellant which, it was charged, procured the pretended execution of it by her, and to have one-third of the 80 acres partitioned as the statute of descents would cast the title. To this action of theirs all of the other children and grandchildren were made parties defendant with appellant. All made default but appellant. His demurrer to the complaint which challenged the sufficiency of the facts to state a cause of action, was overruled. He then answered in general denial and by two special answers. Part of the second answer and all of the

third were stricken out by the court on motion of plaintiff. There was a trial by the court and a finding that the deed was void as to Augusta Barkley, that appellant was the owner of two-thirds only of the 80 acres by virtue of the deed, that Augusta Barkley took the remaining one-third on the death of her husband and this on her death descended under the statute to her heirs. A judgment ordering partition accordingly was rendered and partition so made. Appellant's motion for a new trial was overruled and he has in this appeal assigned this action of the court together with the rulings on demurrer to the complaint, and on the motions to strike out his special answers as errors for which a reversal of the judgment is demanded.

Omitting other allegations essential to the cause of action attempted to be stated, the allegations of the complaint relied on to establish the nullity of tne deed of November 3, 1900, as to Augusta Barkley, through which deed appellant held the land, were in substance that while the deed purported on its face to be signed by her by mark and duly acknowledged she was unconscious and without mental power to know that she was signing a deed or to direct anyone to sign for her or to acknowledge or deliver it and without physical power to sign or deliver it; that she was at that time more than sixty-five years old and then and for many years preceding had been subject to frequent periodical attacks of nervous sickness during which she suffered greatly from headache and lapses into unconsciousness which periods of unconsciousness would frequently continue for three or four days; that at such a time of sickness and unconsciousness which had then persisted for five days appellant, accompanied by a justice of the peace, brought the deed to her home and over the objections of another one of her children took her hand in his and touched the pen with which her alleged mark was made; that so her pretended execution of the deed was consummated without consciousness on her part; that the deed was never read to her and

she knew nothing of its contents; that it was without consideration and that its execution was procured by appellant to defraud the other heirs of Augusta Barkley.

The basis of appellant's contention that his demurrer should have been sustained is that the rule applies that the deed of a person of unsound mind, not under guardianship, is only voidable and vests the grantee with title to the real estate involved until disaffirmance by the grantor upon becoming sane or, if that event does not happen prior to the death of the grantor, until disaffirmance by tne heirs, and that as no disaffirmance is alleged in the complaint it was fatally defective. The rule as generally and broadly stated in this State is as stated by counsel for appellant. Disaffirmance in such cases is a condition precedent to the right of action. *Downham* v. *Holloway* (1902), 158 Ind. 626, 64 N. E. 82, 92 Am. St. 330, and cases there cited; *Aetna Life Ins. Co.* v. *Sellers* (1900), 154 Ind. 370, 56 N. E. 97; *Ashmead* v. *Reynolds* (1891), 127 Ind. 441, 26 N. E. 80; *Schuff* v. *Ransome* (1881), 79 Ind. 458; *Nichol* v. *Thomas* (1876), 53 Ind. 42. The facts alleged in the complaint before us, however, if true, and they are admitted to be so for the purposes of the ruling on demurrer, do not bring the case within the rule. The facts here alleged show that Augusta Barkley did no act at all, consciously, intelligently, or otherwise, necessary to the execution of the deed and gave no direction for any one to do any such act for her. And they exclude any conscious, tacit consent that such acts might be done in her behalf. And further it is alleged that there was no consideration for the deed. Under the facts stated there was no more reason for saying that she had executed the deed than there would have been if at the time life had fled her body and her hand which was lifted had been cold in death. Something more is here involved than mere mental incapacity. Under these allegations she did nothing whatever in the way of executing a deed. Everything was done by appellant. The facts averred ex-

clude both a signing and a delivering of the deed by her through her own act or by any one authorized by her. If appellant had not gone to the bedside of Augusta Barkley and gone through the mockery of affixing her signature by touching her hand to the pen, not through her will and physical effort but by his own, but instead had completed the deed out of her presence in the justice's office, by there writing her name and making her mark and procuring the justice of the peace to fill up the certificate of acknowledgment, there would be no room for any pretense that the alleged deed was other than a forgery. There is no legal difference between this supposititious state of facts and those alleged. In either event the alleged deed would be a forgery. It would in no sense be the deed of Augusta Barkley but as to her and those claiming under her a mere nullity and void. Such a contract can not be ratified or confirmed and needs no disaffirmance. *Henry* v. *Carson* (1884), 96 Ind. 412, 422; *Fitzgerald* v. *Goff* (1884), 99 Ind. 28, 43; *Henry* v. *Heeb* (1887), 114 Ind. 275, 16 N. E. 606, 5 Am. St. 613; *Caccioppoli* v. *Lemmo* (1912), 152 App. Div. 650, 137 N. Y. Supp. 643; *McElwain* v. *Russell* (1890), 11 Ky. L. R. 649, 651, 12 S. W. 777; *Lenhard* v. *Lenhard* (1883), 59 Wis. 60, 17 N. W. 877; *Turner* v. *Utah Title Ins., etc., Co.* (1894), 10 Utah 61, 37 Pac. 91; *Dunlap* v. *Dunlap* (1840), 10 Watts (Pa.) 152; *Hepler* v. *Hosack* (1901), 197 Pa. St. 631, 47 Atl. 847; 40 Cyc. 214; 10 Am. and Eng. Ency. Law (2d ed.) 338.

But on appellant's contention that the deed here involved is voidable merely and not void, a reason presents itself for holding the complaint in this case not insufficient for 2. failing to aver facts showing a disaffirmance. The rule as to the disaffirmance of conveyances and other executed contracts of persons of unsound mind before office found so far as the very broad statement of it made above is concerned, strictly is applicable to cases where the person who dealt with the alleged mentally incapable one had no knowledge of such incapacity to contract at the time,

dealt fairly with him and parted with a valuable considera-
tion. In such cases there must be a disaffirmance and tender
back of the consideration or, at least, in equity an offer to
return it, before a suit to set aside and cancel the convey-
ance can be maintained. The rule is for the protection of
one who has acted in good faith. He is, in such case, entitled
to notice of disaffirmance so that he may restore what he has
received, without suit and costs if he chooses, and he is en-
titled to be placed in *statu quo* if he has given a valuable
consideration for that which he received. But knowledge by
one of the contracting parties of the mental incapacity of
the other and lack of any consideration paid work a mate-
rial modification of the rule. It is settled that where the
mental incompetency of the one who has made the convey-
ance or other contract is known to the other at the time it
was made no allegation of a tender or offer to restore the
consideration is a necessary averment of the complaint.
*Thrash* v. *Starbuck* (1896), 145 Ind. 673, 44 N. E. 543;
*Studabaker* v. *Faylor* (1908), 170 Ind. 498, 83 N. E. 747,
127 Am. St. 397; 1 Elliott, Contracts §386. Such knowledge
destroys good faith and when coupled with want of or gross
inadequacy of consideration establishes fraud. 1 Elliott,
Contracts §379.

It has been held that when property has been obtained by
means of a fraudulent, voidable contract and the vendor
has received no consideration for it the bringing of an
action to reclaim the property is, ordinarily, a suf-
ficient disaffirmance of the contract. *Herbert* v. *Stan-
ford* (1859), 12 Ind. 503; *Thompson* v. *Peck* (1888), 115
Ind. 512, 18 N. E. 16, 1 L. R. A. 201; *Mahoney* v. *Gano*
(1891), 2 Ind. App. 107, 27 N. E. 315. The facts averred
in the complaint before us, if they do not establish directly
that appellant knew of the total mental and physical in-
capacity of Augusta Barkley to execute the deed in question
by signing and delivering, as well as to acknowledge its
execution, at least compel the inference of such knowledge

to the exclusion of any other inference. Coupled with this is the direct averment that there was no consideration as to her for the deed. Under such circumstances we know of no rule which requires a formal act of disaffirmance before bringing suit to annul the deed and recover the property conveyed. The bringing of the action is a sufficient disaffirmance and the complaint will be sufficient unless the facts pleaded show a ratification. 18 Ency. Pl. and Pr. 829, 836, 840.

On the question arising on the action of the court in striking out part of the allegations of the second paragraph of answer and all of the third paragraph, it may be said

4. that these allegations were by way of counterclaim and lacked facts essential to enable them to withstand a demurrer. Furthermore it appears that these allegations in part covered matters wholly irrelevant and immaterial to any issue tendered by the complaint and not germane to the subject-matter of the cause of action stated therein; and these matters were so connected with others which might have been germane thereto that the trial court clearly would be unable to make a separation of them. They involved a general claim of indebtedness of Daniel Barkley, Sr., and Augusta Barkley to appellant and a claim for improvements made on the land after he took possession of it under the deed, and asked that a lien be declared and enforced for him against the land in controversy. The complaint tendered no issue assailing the deed as to appellant's father. Appellant's title to the two-thirds of the tract under that deed was not disputed. The only part of the land in dispute by the complaint was the one-third which went under the law to his mother if the averments of the complaint were true.

Now a consideration of the evidence in the cause palpably shows that on the trial the court permitted the broadest inquiry into the rights of all the parties in the property involved, and from the sordid facts detailed, found for appellant all that, in justice and good conscience, he was in any event shown by the evidence entitled to. The merits of

the cause were fairly tried and determined. Under such circumstances the court's ruling on the motion to strike out can not, if error in any sense, be deemed one which would justify a reversal of the cause. §700 Burns 1914, §658 R. S. 1881; *McGrew* v. *McCarty* (1881), 78 Ind. 496; *Hart* v. *Scott* (1907), 168 Ind. 530, 81 N. E. 481; *Clark* v. *Jeffersonville, etc., R. Co.* (1873), 44 Ind. 248; *Booher* v. *Goldsborough* (1873), 44 Ind. 490; *Acme Cycle Co.* v. *Clarke* (1901), 157 Ind. 271, 279, 61 N. E. 569.

The cause of the motion for a new trial which is relied on for reversal is the insufficiency of the evidence to sustain the finding. The evidence convincingly supports the court's finding in every way. The judgment is affirmed.

NOTE.—Reported in 106 N. E. 609. As to the validity of a deed executed by an incompetent person, see 19 L. R. A. 489. As to the contracts of insane persons, see 71 Am. St. 425. See, also, under (1, 2, 3) 22 Cyc. 1171; (4) 3 Cyc. 383.